First National Bank of Garretsville v. Green.

FIRST NATIONAL BANK OF GARRETSVILLE, OHIO, v. GREEN.

1. **Jurisdiction:** CIRCUIT COURT: DEMURRER. Where an action against an administrator, which might have been brought in probate, is in fact brought in the Circuit Court as an action at law, the court has jurisdiction, and a demurrer will not lie. The remedy of the defendant is to move the court to transfer the cause to the probate docket. *Ashlock v. Sherman*, 56 Iowa, 311, followed. *Hutton v. Laws*, 55 Iowa, 710, distinguished.

*Appeal from Linn Circuit Court.*

THURSDAY, JULY 13.

THE petition states plaintiff recovered a judgment against the Burlington, Cedar Rapids and Minnesota Railway Company which remains wholly unpaid. That an execution issued on said judgment and the sheriff was unable to find any property on which to levy, whereupon demand was made on the officers of said company to point out property belonging to the company upon which the execution could be levied, but said officers failed and refused to do so. That defendant's

intestate, George Green, was the owner of a large number of shares of stock in the company, but that he had never paid therefor. The object of the action is to compel the estate of George Green to pay for said stock and that the same be applied in satisfaction of the amount due the plaintiff. The relief asked in the petition is as follows: "Plaintiff therefore prays judgment     *     *     *     as claimed, the same to be allowed by the court as a claim against said estate." The petition was duly verified. The defendant demurred thereto on the ground: "The supposed cause of action in said petition set forth is a claim against the estate of George Green, deceased, in probate and no action at law can be maintained thereon." The demurrer was sustained and plaintiff appeals.

*P. Henry Smythe & Son*, for appellant.

*Hubbard, Clark & Dawley*, for appellee.

SEEVERS, CH. J.—I. The ground of demurrer to the petition is that the action is at law and that it should have been brought in the Probate Court. The Circuit Court has common law jurisdiction and also sits as a Probate Court. The action was therefore brought before the right judge and in the right court, but the complaint is that it was not entitled and brought as an action or claim in probate. In *Ashlock v. Sherman*, 56 Iowa, 311, it was held, such question could not be raised by demurrer, but that the only remedy was to move the court to transfer the cause to the proper docket. Following that case this cause must be reversed.

It is said by counsel that there is a conflict between the case cited and *Hutton v. Laws*, 55 Iowa, 710; but we do not think this is so. Had a motion to transfer this cause been made and sustained the effect would have been precisely the same as the action of the court in *Hutton v. Laws*. In that case the court on its own motion directed the administrator to account to the Probate Court. This amounted

to a transfer of so much of the cause to that court. The action did not abate, but remained pending in the proper court.

The effect of sustaining the demurrer in this case would be to abate the action and compel the plaintiff to commence anew. Counsel for the appellee insist the action is not against William Green *as* administrator, but against him personally, and therefore the demurrer was properly sustained. It is sufficient to say no such point is made in the demurrer. Had it been the plaintiff could have amended its petition, if so advised, in the Circuit Court. The point cannot be raised for the first time in this court.

REVERSED.