A. D. McElhenney, Administrator, Appellant, v. J. P. Hendricks, Appellee.

**Transactions with Decedents:** EVIDENCE. In an action by an administrator upon certain promissory notes the defendant pleaded payment by means of checks upon a bank made payable to the intestate or bearer. *Held*, that it was competent for the defendant ⸢to testify that said checks were not delivered to other persons than the bearer.

*Appeal from Tama District Court.* — Hon. L. G. Kinne, Judge.

Tuesday, May 26, 1891.

Action upon three promissory notes. The defendant pleaded payment. There was a trial by jury, and a verdict and judgment for the plaintiff for forty-nine dollars and ninety cents. The plaintiff appeals. *Affirmed.*

*Wm. H. Stivers* and *S. M. Endicott*, for appellant.

*Struble & Stiger*, for appellee.

Rothrock, J.—The plaintiff is administrator of the estate of Tillie J. McElhenney, deceased. The defendant is a brother of the deceased. The action is founded upon three promissory notes executed by the defendant, and payable to the order of Tillie J. Hendricks. This was the maiden name of the deceased. After the notes were executed, she was married to the plaintiff herein. One of the notes was for the sum of two hundred dollars, dated March 31, 1884, and due on sight, with ten-per-cent. interest. Another note was for the sum of ninety dollars, dated December 4, 1885, and payable on or before the twentieth day of June, 1886, with ten-per-cent. interest. The last note was for five hundred dollars, dated December 5, 1885, and payable on or

before December 20, 1887, with interest at eight per
cent. per annum. The interest on all the notes was
payable annually, and, if the interest was not paid when
due, it was to draw the same rate of interest as the prin-
cipal. There were credits indorsed on the five-hundred-
dollar note, amounting in the aggregate to three hundred
and ten dollars, and interest on the note to January 6,
1887. The defendant pleaded that, in addition to these
amounts, he had paid the said notes in full. These
alleged payments consisted of various sums claimed to
have been paid for the said Tillie J. Hendricks to other
persons, and for money paid to her by certain checks
upon a bank. It is claimed by the plaintiff that the
evidence of payment did not authorize the verdict, and
that the undisputed facts show that there should have
been a verdict for the plaintiff for at least two hundred
and sixty-two dollars. It is to be conceded that the
evidence of payment is not clear and satisfactory, and
yet we are not prepared to disturb the verdict on this
ground. Some of the items claimed as payments were
not established. The action is by an administrator, and,
under section 3639 of the Code, the defendant was not a
competent witness to personal transactions between him
and the deceased. But we attach much importance to
the testimony of one O. B. Feris, touching a conversa-
tion which he had with the deceased in the fall of the
year 1886, in which she stated, in substance, that she
held some notes on the defendant which were paid. We
cannot take the time, nor is it necessary, to set out the
evidence in detail, and enter upon a discussion as to its
weight. It is enough to say that, upon a careful exam-
ination of the record, we are content to allow the verdict
to stand.

II. All of the bank checks claimed as payments
were made payable to Tillie J. Hendricks or bearer.
The defendant was a witness in his own behalf, and he
was asked this question: "State whether or not you
ever delivered any of the checks referred to by witnesses
Blum and Werting to any individual or individuals other
and not including and not referring in any way to your

deceased sister, Tillie J. Hendricks, and, if so, state the name of said other person or persons." The question was objected to by the plaintiff, because it tended to prove personal transactions between the defendant and the deceased, and was incompetent and inadmissible, under section 3639 of the Code. The objection was overruled. It is claimed that this ruling was erroneous. The answer to this question was: "I did not deliver them to any other person." We think the ruling of the court was correct. The statute does not exclude the. proof of facts from which by inference other facts may be found. The question and answer expressly exclude any personal transaction between the plaintiff and the deceased. It was no more than a statement that the drawing of the checks was in the usual course of business, and that they were not delivered to another than the payee.

We discover no ground for reversing the judgment. AFFIRMED.