J. S. CAMPBELL, Appellant, v. LAFE S. COLLINS and ANNA M. COLLINS, Admrs. of the Estate of S. L. Collins, deceased.

**Evidence:** TRANSACTIONS WITH ONE SINCE DECEASED. Code Section 4604, relating to communications or transactions with persons since deceased, does not exclude evidence of such communications or transactions between a party to a claim against the estate of a deceased and the deceased in his lifetime, but merely declares certain witnesses incompetent to make the proof.

**Same.** Evidence which of itself is not obnoxious to the statute relating to communications with one since deceased, is not rendered so by the fact that an inference as to what was done between the witness and deceased may be drawn therefrom; as, evidence that a note was in possession of deceased on a certain date.

**Same.** Evidence as to when a witness saw a certain paper with respect to the time he saw deceased was not objectionable as tending to show a personal transaction.

**Same.** Proof of the signatures to a note does not disclose a personal transaction with a deceased, save that from the existence of the note this might be inferred.

**Same.** An inquiry as to what a third person said in the presence of the witness and one since deceased is not objectionable as showing a personal transaction, where there is nothing in the question to so indicate.

**Same:** PREJUDICE. Where it was conceded that the amount shown on a deposite slip had been received by a deceased and credited on a note .held by him, the admission of evidence concerning the slip was not prejudicial.

**Bills and notes:** OVER PAYMENT: EVIDENCE. In an action against an administrator to recover payments on a note held by deceased, evidence that plaintiff took money to a bank of which deceased was president and had none when he went out is competent and material.

**Same.** A check signed by plaintiff and admitted to have been indorsed by deceased is admissible in evidence on an issue as to payments made to deceased on plaintiff's note held by him; if the indorsement is not admitted then evidence as to whose indorsement it is by proof of the handwriting should be received.

**Evidence:** MATERIALITY: TRANSACTIONS WITH ONE SINCE DECEASED. In an action against an administrator to recover over payments on a note held by deceased, evidence of a third person as to where he had seen a check of plaintiff's which was payable to deceased; whose indorsement it bore; who placed the stamp on the face of the check; who had the check when he saw it and whether he took any part in the transaction in question, was all competent and material and did not tend to show a personal transaction between plaintiff and deceased; and its rejection was not harmless error where other evidence tended to show a deposit by plaintiff in favor of deceased and a check of equal amount on the same date, which, if separate transactions, one was an over payment.

*Appeal from Marion District Court.*— HON. JAMES D. GAMBLE, Judge.

TUESDAY, FEBRUARY 5, 1907.

ACTION to recover $1,000 alleged to have been paid S. L. Collins on a note by mistake. Subsequent to the beginning of the action Collins died and the administrators of his estate were substituted as parties defendant. At the

close of plaintiff's evidence, a verdict was directed for defendants and judgment entered thereon. The plaintiff appeals.— *Reversed.*

*Kinkead & Mentzer,* for appellant.

*Crozier & Welch,* for appellees.

LADD, J.— The payee of the note of $1,632 executed by plaintiff and wife, was S. L. Collins, in his lifetime president of the Citizens' National Bank of Knoxville. Had

1. EVIDENCE: transactions with one since deceased.

this note with indorsements thereon been received in evidence, payments thereon of $150, · April 2, 1898, $1,400, July 31, 1899, $500, December 18, 1899, and $121.61, April 11, 1900, would have been shown. The claim of plaintiff is that two other payments of ·$500 each were made by mistake, the one on December 18, 1899, and the other on the following day. Most of the evidence tendered on the trial was excluded on the ground that it was concerning a personal transaction or communication between plaintiff and deceased, and therefore prohibited by section 4604 of the Code. The rulings seem to have been made on the theory that the statute prohibits the introduction of any evidence of such communications or transactions between a party to a claim against the estate of deceased and the latter in his lifetime. At least this is the most plausible explanation of the numerous errors committed in excluding evidence. Of course this is not so. Such communications or transactions, when pertinent to the issues joined, may be proven; the statute merely declares certain witnesses incompetent to make such proof. The pertinency of these suggestions will become apparent upon an examination of the errors assigned. One Bush testified to loaning plaintiff $1,000 in money December 18, 1899. The plaintiff confirmed this, and testified that he carried it directly to the bank of which deceased was president. He

was then shown a paper and asked: " Examine Exhibit A
and state what it is." This was objected to as immaterial
and incompetent, and as within the prohibition of the
statute. After some parley the objection was sustained on
the ground that the answer would necessarily tend to dis-
close a personal transaction with deceased. This was not so,
but, as previously suggested by the court, the instrument
showed for itself what it was and the ruling may be upheld
for this ground. The giving of a wrong reason for a right
ruling does not taint it with error.

II. After stating that the rubber stamp mark was on
Exhibit A when he got it, that such exhibit, as well as
the indorsements thereon, was in the handwriting of de-
ceased, the plaintiff was asked: " In whose
2. SAME.        possession was Exhibit A on the 18th day of
December, 1899 ? " This was objected to as immaterial
unless it was sought to show that the note was in the posses-
sion of the deceased, in which event a personal transaction
was called for. The objection was sustained. The ruling
was erroneous. Assuming that the answer would have been
that it was then in the hands of deceased, this was merely
a fact not involving a personal transaction, though, when
coupled with others, a personal transaction might be in-
ferred therefrom. This court has often held that the statute
was not designed to exclude evidence, not itself obnoxious
to its prohibition, from which inferences of what was done
between the parties might be drawn. *McElhenney v. Hen-
dricks,* 82 Iowa, 657; *Walkley v. Clarke,* 107 Iowa, 451;
*Furenes v. Eide,* 109 Iowa, 511; *Curd v. Wisser,* 120 Iowa,
743.

III. Again, the plaintiff, after saying he had seen Col-
lins at the bank but once on December 18, 1899, and saw
the note there the same day, was asked, " When, with ref-
erence to the time you saw Mr. Collins, did
3. SAME.        you see this note ? " and answered, " At the
same time." On motion this answer was stricken out as

tending to show a personal transaction. The ruling was erroneous, for the reasons hereinbefore suggested.

IV. Objections were sustained to inquiries of plaintiff as to whose signatures were attached to the note. This was manifest error, for the gist of the action was overpayment of

**4. SAME.** the note and its identity was material to the plaintiff's claim. To say that these were the signatures of himself and wife would not have disclosed any personal transaction with deceased save that from the existence of the note this might be inferred. The exclusion of the note from evidence necessarily followed the above ruling. Had the genuineness of the signatures been established, the note, as it and the indorsements were shown to have been in the handwriting of deceased, should have been admitted. The indorsements were material as tending to show the amounts paid thereon at times other than December 18 and 19, 1899.

V. Again, plaintiff, after reciting that he borrowed the $1,000 of .Bush and carried it to the Citizens' National Bank, that deceased and one of the administrators, Lafe

**5. SAME.** Collins, were there, and he had told S. L. Collins his errand, was asked: "What, if anything, did Mr. Lafe Collins have to say there in the presence of Mr. Collins?" An objection that this called for a transaction had with the latter was sustained. There was nothing in the question so to indicate, and the ruling, as based on the objection urged, was erroneous.

VI. The rulings on objections to inquiries concerning the deposit slip of $500 were without prejudice, as it had

**6. SAME:** been conceded that the amount thereof had
**prejudice.** been received by the deceased and credited on the note.

Plaintiff having said he took $1,000 into the bank was asked how much he had when he went out. This was objected to as incompetent and immaterial. The ruling was erroneous. From the fact that he took none out, fol-

lowed by proof that none was left with the officers of the bank, the inference was to be drawn that deceased if the only other person present might have received the portion not deposited for him.

7. BILLS AND NOTES: over-payment: evidence.

VII. Exhibit C, a check of $500 payable to deceased, dated December 18, 1899, signed by plaintiff seems to be admitted to have been indorsed by the former and was improperly excluded from the evidence. If not so admitted, the testimony of Scott Collins, who was familiar with the handwriting of deceased as to whose indorsement it was, should have been received.

8. SAME.

VIII. Lafe Collins testified that he was cashier of the Citizens' National Bank and was familiar with the signature of deceased; had seen Exhibit C prior to the time of the trial. He was then asked, "Where did you see it?" and "You may now state whose endorsement it bears on the back." The objection that answers would tend to show a personal transaction between plaintiff and deceased was without merit, as other witnesses than participants in the transaction are not prohibited from testifying thereto. The same witness was asked if he knew who placed the stamp upon the face of Exhibit C. An objection as incompetent and immaterial was sustained. The ruling was erroneous. The witness then said he had seen Exhibit C on December 19, 1899, and was asked who had the check when he saw it. Objection on the ground that this might call for evidence of a transaction between plaintiff and deceased was sustained. This also was error. He was then asked, in substance, whether he participated in any way in the transaction between plaintiff and deceased on that day, and an answer to this inquiry on objection, was erroneously excluded. It is unnecessary to proceed with the investigation farther. The errors were such as to require a reversal unless it affirmatively appears that they were without prejudice. Appellee insists that, had answers most favorable to plaintiff been re-

9. EVIDENCE: materality: transactions with one since deceased.

ceived in evidence, he would have fallen short of making out a case. If the $500 deposited in the bank by plaintiff to the credit of deceased was applied on the note as was admitted, then the like amount paid by check was an overpayment. This check was not paid until the next day, and there was evidence tending to show that deceased received it on the note. It is barely possible that these cover the same transaction, but it cannot be so held as a matter of law, for the deposit slip showed the deposit for deceased and to his account though by plaintiff. This being so there was no occasion for a check to transfer the money. Moreover, the check was not stamped paid until the next day, and it would not be likely to be entered to the credit of deceased before being paid. Possibly the bank books, excluded on the objection of defendants, might have thrown some light upon this subject.. It is enough now to say, in the absence of explanation, that the jury might have found these to be separate and distinct payments, and for this reason the errors pointed out cannot be regarded as nonprejudicial.— *Reversed.*