J. S. CAMPBELL, Appellee, v. LAFE S. COLLINS, ANNA M. COLLINS, Administrators of the Estate of S. L. COLLINS, Appellants.

**Evidence:** COMMUNICATIONS WITH A DECEDENT. One precluded by the statute from testifying concerning a claim which he is seeking to enforce against an estate may resort to proof of circumstances from which an inference of liability may be drawn.

**Estates of decedents:** CLAIMS: EVIDENCE. In this action to enforce a claim against an estate to recover money claimed to have been paid decedent by mistake, the evidence is reviewed and held insufficient to authorize recovery, except as to one item of the claim.

**Same:** CONCLUSIVENESS OF VERDICT. Where the evidence in support of a claim against an estate not involving a personal transaction, is such as to clearly bring the issue within the domain of the jury, and its finding has sufficient support in the competent evidence, the verdict will not be disturbed on appeal, although the appellate court might find differently if that duty devolved upon it.

**Same:** JURISDICTION: SUBSTITUTION OF ADMINISTRATORS: WAIVER. Where an action was commenced against an intestate but he was not served with notice because of his illness and after his death the action was revived against his administrators, who appeared without notice and contested the same on its merits, they could not thereafter question the jurisdiction of the court to proceed, on the ground that no action was pending against decedent at the time of his death, or that the court had no power to substitute his administrators.
Deemer and Weaver, JJ., dissenting.

*Appeal from Marion District Court.*—HON. J. H. APPLE-GATE. Judge.

THURSDAY, SEPTEMBER 21, 1911.

ACTION for money had and received. The defendants are the administrators of the original defendant, S. L. Collins. There was a verdict for the plaintiff, and defendants appeal.—*Reversed.*

*Crozier & Welch,* for appellants.

*Hays & Amos,* for appellee.

EVANS, J.—The case as presented by the petition is that on December 18, and on December 19, 1899, the plaintiff made two payments of $500 each to S. L. Collins to be applied upon a note then held by Collins against the plaintiff. The alleged payments were never credited upon the note. The note having been otherwise paid and taken up by the plaintiff, this action was brought to recover the above-named sums. At the first trial of the case had in 1905 the defendants prevailed. Upon plaintiff's appeal to this court, the case was reversed and remanded for another trial. See 133 Iowa, 152. Collins is dead, and the defendants are his administrators.

I. The payment of one of the items in dispute was a personal transaction between the plaintiff and the deceased. The plaintiff was therefore precluded from testifying to the fact as a witness. In lieu of direct testimony on his part to such fact, resort was had to circumstances from which an inference of such payment might be drawn by the jury. These circumstances were somewhat along the line indicated in the cases of *McElhenney v. Hendricks,* 82 Iowa, 657; *Walkley v. Clarke,* 107 Iowa, 451. The defendants resisted this testimony with appropriate objections based upon section 4604. The admission of this line of evidence constitutes one ground of defendants' com-

1. EVIDENCE: communications with a decedent.

plaint on this appeal. These questions are largely covered by our holding on the former appeal. The examination of plaintiff as a witness in his own behalf is not, however, wholly free from error as being in violation of section 4604. In view, however, of our conclusions announced later herein, we will not deal now with the details of such examination.

II. It is urged that the verdict is without sufficient support in the evidence. This is the serious question in the case. Certain undisputed facts in evidence are that

2. ESTATES OF DECEDFNTS: claims: evidence.

S. L. Collins and his son, Lafe Collins, were officers of the Citizens' National Bank of Knoxville. S. L. Collins personally held the promissory note of the plaintiff for $1,632, dated November 30, 1895. Prior to December 18, 1899, two payments had been indorsed thereon, namely, $100 April 2, 1898, and $1,400 July 31, 1899. On December 18, 1899, the plaintiff drew his check to S. L. Collins for $500, and delivered the same at the bank. This check is known in the record as "Exhibit C." An indorsement appears on the back of the note showing payment of such amount on such date December 18, 1899. The note was taken up on April 11, 1900, by final payment of $121.61. The claim of the plaintiff is that at the same time that he paid the $500 check he also paid $500 of currency for which he received no credit. He also claims that on the next day, December 19th, he again paid $500 in currency by delivering it at the bank to Lafe Collins to be delivered to S. L. Collins, who was then absent from the bank. The two alleged payments of currency of $500 each are denied by the defendants, and the whole controversy of the case turns upon these two transactions. The alleged payment of $500 in currency on December 18th was purely a personal transaction between the plaintiff and the deceased. The plaintiff was, therefore, precluded from testifying thereto under section 4604. Counsel for plaintiff recog-

nized this fact at the trial, and they aimed to confine the testimony of their client to circumstances from which the element of personal transaction or communication was eliminated. These circumstances were put in evidence in order to draw from them such beneficial inferences as were fairly warranted. The jury rendered a special finding that $500 was paid in currency on that day in addition to the check.

We will consider, first, whether the evidence was sufficient to support such finding. Eliminating from our thought all statements of the pleadings and of the argument and directing our attention to the evidence alone, we find it exceedingly meager. It consists of the testimony of plaintiff alone. The substance of such admissible testimony is as follows: "I carried $1,000 in currency into the bank on December 18th. The only persons present were S. L. Collins, Lafe Collins, and another whom I did not know. I had only $500 when I left the bank. I did not pay any money to Lafe Collins or to the other man. I saw my note while in the bank. I saw the indorsement purporting to be a payment of $500 on December 18th. I drew my check for $500 payable to S. L. Collins at the same time, and left it there." This check is "Exhibit C."

This is the whole testimony, in substance, in support of such alleged payment of $500 in currency. It can be treated only as circumstantial evidence, and the question is whether it is sufficient to exclude every other reasonable hypothesis than that the plaintiff in addition to his check paid $500 in currency to be applied upon his note. We have held that circumstances of the nature above set forth may be introduced in evidence on the theory that they are not personal transactions. In connection with other competent testimony, they may become very important, and proper inference may be drawn from them in the light of all the competent evidence in the case. In this case

there is no testimony in support of this alleged personal transaction, except that of the plaintiff alone. It is conceded that he could not testify in terms to the personal transaction. These circumstances testified to in this case consist of nothing but acts immediately connected with the alleged personal transaction. No independent circumstance is shown nor any extraneous evidence produced. The circumstances testified to by the plaintiff were rendered admissible on the theory that they did not in themselves show a personal transaction with the deceased. Proper inferences may be invoked therefrom, but there ought to be some evidence to give direction to such inferences. Accepting as true the testimony of the plaintiff as a witness, can it be said that it warranted the jury in finding that every other reasonable hypothesis was thereby excluded, and that the circumstances thus testified to by plaintiff were consistent only with the hypothesis that the plaintiff paid upon his note two payments of $500 each on December 18, 1899? The plaintiff's claim of recovery is predicated upon the theory that the money was paid by mutual mistake. On no other theory could there be any implied agreement for the return of the money. The plaintiff does not claim that he paid the money with any expectation or understanding that it be returned. Assuming, without conceding, that the circumstances shown might permit the jury to find that the plaintiff left $500 with Collins in addition to the $500 check indorsed upon the note, there is no competent evidence of the purpose for which it was left, nor of any mutual mistake, nor of any other fact from which an implied agreement to repay could arise. If he left $500 with Collins, there is no presumption that it was so left without adequate consideration. The purpose for which it was left would constitute such consideration. The great difficulty confronting the trial court in the submission of the case to the jury was to confine the jury in their deliberations to a consideration

of the evidence alone, because the contention of plaintiff was stated in pleading and in argument. The case was one where the jury's discrimination between pleading and evidence was rendered unusually difficult. The testimony excluded under the inhibition of section 4604 was in practical effect revealed to the jury in the pleading, and this served to beckon the jury to a verdict quite beyond the evidence.

Viewing the whole testimony actually given by plaintiff as circumstantial only, we are compelled to hold that it is not sufficient to sustain the verdict. The admitted balance due on plaintiff's note on December 18th was only a little over $600. The adverse effect of this circumstance is recognized by plaintiff. His explanation is that he had forgotten the $1,400 payment. Let this be accepted at this point. He testified that he saw his note, and saw the indorsement of payment of $500 thereon. The $1,400 indorsement was under his eye at the same time. The incongruity then presented by his contention as a whole is that he not only paid the $1,000 as he claims on a note on which only $600 was due, but that he did so knowing that only $500 was indorsed as a payment on that day. This incongruity is emphasized by the fact that on April 11th following he paid the balance due of $121 and took up his note carrying the very indorsement already indicated and made no claim of lack of credit or overpayment for a period of two years or more. We realize at this point that we are somewhat within the domain of the jury, but it is our duty also to consider the whole testimony before reaching a conclusion that the verdict is arbitrary, and without legal support in the evidence. This is our conclusion as to the finding of the jury that such additional payment of $500 was made on December 18th.

III. We pass now to a consideration of the second special finding of the jury, which was that the plaintiff paid $500 in currency on December 19th to Lafe Collins,

who placed the same to the credit of S. L. Collins. It is urged that this finding, also, is without support in the evidence. The testimony of the plaintiff as a witness at this point does not involve a personal transaction with the deceased. He testified that on December 19th he did pay $500 in currency to Lafe Collins in the absence of S. L. Collins. Appellant concedes that such testimony is sufficient to carry that question to the jury, but contends that there is no testimony that Lafe Collins ever paid $500 in currency to S. L. Collins. As against this, however, there does appear in evidence a deposit slip signed by Lafe Collins bearing date December 19, 1899, purporting to have been made by the plaintiff and placed to the credit of S. L. Collins. This is sufficient *prima facie* evidence on that question. Lafe Collins was a witness on behalf of defendants. His testimony is that on the evening of December 18, 1899, after banking hours, the plaintiff brought into the bank and delivered to him for S. L. Collins the $500 check (Exhibit C), S. L. Collins being absent on that day; that the books had been closed for the day and balances cast, and that the check had to go into the next day's account; and that he issued the deposit slip to the plaintiff under date of December 19th on that account, and placed the same to the credit of his father as of December 19th. He is corroborated by the circumstances that the check (Exhibit C), though conceded to have been presented on December 18th, was marked as "Paid December 19, 1899." He is also corroborated by the circumstances already noted as to the amount actually due on plaintiff's note to S. L. Collins  This explanation has great plausibility. If it devolved upon us to determine the fact, we might feel quite disposed to accept this testimony as a more consistent explanation of the whole transaction than is the contention of the plaintiff. But the dispute at this point is clearly within the domain of the jury, and its

*Margin note:* 3. Same: conclusiveness of verdict.

finding in favor of plaintiff has sufficient support in the competent evidence to be binding upon us. The contention of appellant in this respect must therefore be overruled.

IV. After the case had been reversed and remanded on the former appeal and before the trial now under review, the defendants filed a motion to dismiss the case

4. SAME: juris-
diction: sub-
stitution of
adminis-
trators:
waiver.

for want of jurisdiction. The alleged ground of such motion was that there was no action pending against S. L. Collins at the time of his death, and that the district court, therefore, had no jurisdiction over him at the time of his death, nor over his administrators after his death, and that it had no jurisdiction to substitute the administrators as defendants. This motion was made in October, 1907, and was overruled by the court. The defendants now complain of such ruling. This motion was based upon the following history of the case. The original notice was placed in the hands of the sheriff on April 22, 1904, and the petition was filed on April 23, 1904. The original defendant, S. L. Collins, was seriously ill at his home. The sheriff went to his residence for the purpose of serving the original notice. He saw there the defendant's wife and the son, Lafe, who prevailed upon him to leave the notice with the wife, and assured him that it "will be all right." The sheriff made his purported service accordingly, and desisted from otherwise serving the defendant because of his serious illness. At the May term following the case was continued for reasons not appearing upon the record. The illness of the deceased continued to the date of his death in August following. After his death, his wife and son, Lafe, were appointed as administrators. At the October term following, the death of the defendant was suggested, and a formal order was made substituting his administrators. Thereupon the defendants as administrators, through their attorneys, entered their appearance without notice, and pleaded to the merits. A

trial was had in the lower court and an appeal to this court as already indicated. Until October, 1907, the jurisdiction of the court was never challenged in any manner.

The argument of appellant at this point is that there was no case pending against S. L. Collins at the time of his death, and that the trial court had no jurisdiction, therefore, to substitute his administrators as defendants. It is also argued that the only course open to the plaintiff was to file his claim in probate, and to prosecute his proceedings there. We will not enter into the question as to what would have been the proper procedure for the plaintiff if no jurisdiction was acquired over S. L. Collins during his lifetime. Even if it be conceded that the proper procedure required the plaintiff to file his claim in probate, the necessity for such a course does not arise out of lack of jurisdiction in the district court. The question at this point is one merely of statutory procedure, and is quite distinct from the question of the jurisdiction of the district court. If the defendants had challenged the right of the plaintiff to proceed in the district court in the manner in which he did, they might have been entitled to a transfer of the proceedings to the probate side. We do not now pass upon that question. Inasmuch, however, as the defendants appeared and raised no question as to the procedure or the form thereof, the district court properly tried out the case. It had jurisdiction both of the subject matter and of the persons of all parties. Code, section 3445. *Bank v. Green,* 59 Iowa, 171; *Goodnow v. Wells,* 67 Iowa, 654; *Clough v. Ide,* 107 Iowa, 669; *McCrary v. Deming,* 38 Iowa, 527. If there was jurisdiction, the defendants are in no position to complain of merely erroneous procedure. They knew all the facts pertaining to the defective service from the beginning. They had such knowledge when they entered their voluntary appearance, and they must be held to have waived

the error, if any, both in the procedure adopted and in the forum selected. There was no error at this point. Because of the erroneous finding of the jury, as indicated in the second division thereof, the case must be reversed unless the plaintiff shall elect to cure the error by remitting one-half the verdict. In case of such election the judgment below will be affirmed. Plaintiff's election, if any, shall be filed in this court within sixty days from the filing hereof unless he files a petition for a rehearing. In such event the question of election will abide the further order of the court.

Unless the plaintiff elect as above indicated, the judgment below is *reversed.*

DEEMER, J. (dissenting).—On the prior appeal we held that the trial court was in error in directing a verdict for defendant, and that the testimony set out by the majority as to the first $500 was material and competent. We now say the case should not have gone to the jury as to this payment, but admit the testimony was material and competent as bearing upon the first $500 payment. I feel that, while the testimony was perhaps weak, it was enough to take the case to a jury.

It is practically admitted that if plaintiff paid or delivered to Collins the $500 in cash on December 18th, he is entitled to recover. No one claims that the money was paid on other obligation or was a gift to Collins. I think the majority are usurping the functions of a jury in weighing testimony.

WEAVER, J.—I concur in the dissent of Deemer, J.