MARY HANEN et al., Appellee, v. C. J. LENANDER, Administrator, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Allowance of Claims—
1 **Negligence—Action at Law.** Claims founded on the negligence of a person since deceased may be prosecuted by direct action at law against the estate of deceased, without any filing in probate.

**TRIAL:** Proper Calendar—Transfer—Executors and Administrators.
2 Error of plaintiff as to the kind of proceedings adopted in order to enforce a claim against an estate, does not authorize a dismissal, but simply a transfer to the proper calendar.

**EXECUTORS AND ADMINISTRATORS:** Actions Against Estate—
3 **Petition—Sufficiency.** The omission, in the caption of an action, of the word "as," following the name of defendant, and before the word "administrator," does not render the petition fatally defective, when the allegation following the caption clearly reveals

an action against the estate, and that defendant is the administrator thereof. (Sec. 3627, Code, 1897.)

**EXECUTORS AND ADMINISTRATORS:** Actions Against Estate— Petition—Sufficiency. A petition, in an action against an estate, is not fatally defective because· containing no allegation *of the specific county in which administration is pending,* when it appears:

(a) That the accident on which the action is brought occurred in a certain county;

(b) That the deceased was manager of a farm in said county and was there killed; and

(c) That no objection to the jurisdiction of the court was entered.

**TRIAL:** Instructions — Requested Instructions — Refusal — General Charge Covering Request. Refusal to give requested instructions cannot work error when the charge given accomplished the same result as those refused. So held in an action for damages for negligence, wherein a requested instruction, "that plaintiff, a minor, could not recover for expenses of medical service, nursing and care, or for loss of time and earnings," was refused, and the charge given confined the items for which recovery might be had to (a) the nature and extent of the injury, and (b) the pain and disfigurement.

**DAMAGES:** Injury to Person—Action by Minor—Decreased Earnings—Loss of Time. A minor, in an action for personal injuries, may show his earnings before and after the injury, not for the purpose of recovering such decreased earnings, or loss of time, during minority, but as bearing on the continued ill effects of the injuries after arrival at his majority, provided the jury finds that the injuries are permanent.

**NEGLIGENCE:** Pleading—General Allegation of Negligence—Sufficiency. A general allegation of negligence on the part of defendant is sufficient, subject, however, in proper cases, to a motion for a more specific statement.

**NEGLIGENCE:** Evidence—General Allegation of Negligence. Under a general allegation of negligence on the part of defendant, plaintiff may prove wherein and in what particular manner defendant was negligent.

*Appeal from Kossuth District Court.—N. J. LEE,* Judge.

THURSDAY, NOVEMBER 23, 1916.

ACTION at law to recover damages on account of personal injuries alleged to have been occasioned by the negligence of defendant's intestate. Judgment for plaintiff, and defendant appeals. *Affirmed.*

*Sullivan & McMahon, E. A. Morling* and *E. V. Swetting,* for appellant.

*W. D. Quarton, S. D. Quarton* and *Harrington & Dickinson,* for appellee.

WEAVER, J.—The plaintiff is a minor of about 15 years of age. She alleges that on October 1, 1913, she was at her home in Kossuth County, Iowa. She avers that on the day named the deceased, Ross Richmond, together with two other boys or young men, came to her home in an automobile, and while there invited her to enter the car and ride with them; that she accepted the invitation; that the car driven by Richmond made a trip to a distance of several miles; and that on the return trip Richmond drove in such a negligent and reckless manner as to overturn the car, whereby plaintiff sustained a fracture of her leg and collar bone, resulting in great physical pain and mental anguish on her part, and causing the injured leg to be materially shortened, for all of which she asks a recovery of damages. The defendant denies the claim generally. There was a trial to a jury, and verdict and judgment in plaintiff's favor for $2,000. In their brief filed in this court, appellant's counsel state three points on which they rely for reversal, as follows:

I. Appellants contend that plaintiff is not entitled to maintain an action at law against the administrator. Stated otherwise, the proposition is that, to recover against the estate of deceased, she should have filed her claim in the probate proceedings for allowance against the administrator. This question has been thoroughly well settled against the position taken by counsel. *Cooley v. Smith,* 17 Iowa 99; *Sterritt*

1. EXECUTORS AND ADMINISTRATORS: allowance of claims: negligence: action at law.

*v. Robinson,* 17 Iowa 61; *McCrary v. Deming,* 38 Iowa 527, 531; *Crane v. Guthrie,* 47 Iowa 542; *Moore v. McKinley,* 60 Iowa 367, 370, 371; *Clough v. Ide,* 107 Iowa 669, 671; *Easton v. Somerville,* 111 Iowa 164, 170; *Iowa-Minnesota Land Co. v. Conner,* 136 Iowa 674, 676, 677; *Campbell v. Collins,* 152 Iowa 608, 616; *First Nat. Bank v. Green,* 59 Iowa 171.

Properly speaking, we have in our judicial system no "probate court," as a distinctive and separate tribunal. We have a district court of general jurisdiction, a jurisdiction which includes all the powers, functions and authority usually vested in courts of probate in other states where such distinct and separate tribunals are provided. It is the district court in which wills are probated, administrators and executors are appointed, and estates of decedents are settled. It is the district court which has jurisdiction to allow claims against estates, and in which issues joined on contested claims are tried, precisely as all other law issues are tried. As a matter of convenient classification, and to avoid confusion of records, separate dockets and journals are provided in which probate business is entered, and ordinarily the district court in each county is provided with a separate desk calendar or minute book for probate cases; but, so far as the rights of the parties and the jurisdiction of the court are concerned, it is wholly immaterial whether one having a claim against an estate presents it in the informal manner allowable in such cases, and has it entered upon the distinctive probate docket, or embodies it in a formal petition, as in ordinary cases at law, and has it entered upon the court's general docket. In the case of a contested claim, triable to a jury, its entry upon the general docket is peculiarly appropriate. For reasons already suggested, it is doubtless better, in most cases, that all matters connected with the settlement of an estate should be entered on the docket provided for that special purpose, and courts will doubtless see to it that such practice is observed; but if, finding a case of that char-

2. TRIAL: proper calendar: transfer: executors and administrators.

acter on the general docket, the court leaves it there, and disposes of it after the manner of ordinary cases, it is a mere matter of discretion on its part, by which no one is prejudiced. It is a matter of orderly bookkeeping, and not of jurisdiction. Should the administrator against whom the claim is asserted desire to take advantage of any alleged mistake as to the place of filing or presenting it, his remedy, if any, is to move the court to order a change into the proper proceedings; and, if the point is well taken, the order will be made without dismissal or abatement of the action. Code Section 3432; *First Nat. Bank v. Green*, 59 Iowa 171, 172; *Easton v. Somerville*, 111 Iowa 164.

In this connection, it is also objected that the defendant is, merely by way of description, named ''C. J. Lenander, Administrator of the Estate of Ross Richmond,'' but is not

3. EXECUTORS AND ADMINISTRA-TORS: actions against estate: petition: suffi-ciency. sued *as* administrator, and that, while the petition alleges that Lenander is the duly appointed administrator of the estate of Ross Richmond, it does not disclose in what county the appointment was made. It may be admitted that the representative character of the defendant would be better and more technically and accurately stated had the writer of the petition been more explicit in the respects pointed out by defendant's counsel, but the statement, as made, is not so lack-ing in clearness as to justify any interference with the verdict. The title or caption of the petition, together with the allega-tions of the petition itself, constitutes a claim or declaration that plaintiff was injured without fault on her part by the negligence of Richmond, who is now dead, and that she is asking, in this proceeding, to recover her damages so sus-tained, from the estate of deceased, of which estate Lenander is administrator. The omission of the word ''as'' before the word ''administrator'' in the caption is not an unusual ex-ample of technical inexactness, but, as it is followed imme-diately by a distinct declaration that said defendant is the duly appointed and acting administrator of Richmond's

estate, and by a statement of her claim or cause of action against said estate, it would be puerile for the court to say that the meaning of the pleader is fatally obscure. The objection cannot be sustained.

So, too, we find no ground on which to support the objection made because of the failure to state the name of the county in which the administration was pending. The peti-

4. EXECUTORS AND ADMINISTRA-TORS: actions against estate: petition: sufficiency.

tion alleges that the accident took place in Kossuth County, that Richmond was manager of a farm in Kossuth County, and it appears that he was killed in that county. There was no plea or objection to the jurisdiction of the district court of that county to hear and try this claim against his estate, and it quite doubtful whether a mere denial of the claim in suit is sufficient to raise any issue upon the court's jurisdiction of the parties to the proceeding.

II. The second of the three points made for a reversal is that the court erred in denying defendant's request for

5. TRIAL: instructions: requested instructions: refusal: general charge covering request.

an instruction to the jury that plaintiff was not entitled to recover for expenses of medical service, nursing and care, or for loss of time or of earnings.

The request made was perhaps too broad, as excluding the idea that plaintiff, though a minor, might still be chargeable for the reasonable and necessary expenses for medical care and attendance; but in other respects, an instruction of the kind asked for would not have been out of place. We think, however, that the refusal was without prejudice, because the instructions given by the court on its own motion operated to withdraw the items mentioned from the testimony to be considered. In that paragraph, the court limited the jury, in fixing the compensation, to the consideration of evidence bearing upon the nature and extent of plaintiff's injury, the pain and suffering and disfiguration, if any, resulting to her therefrom, and carefully avoided including, among the things for which compensation might be recovered,

any reference to plaintiff's loss of earnings or earning capacity, or the costs or expenses suffered by reason of her injury.

True, plaintiff was allowed to show something of her earning capacity before and after her injury. This was offered on the theory, as explained by her counsel, that her

6. DAMAGES: injury to person: action by minor: decreased earnings: loss of time.

injury was in some respects of a permanent character and that, although she could not recover for loss of time or earnings or earning capacity during her minority, it would be proper for the jury, if it found the injury permanent, to take into consideration the continuing ill effects thereof after she should arrive at her majority. This we think is correct, but it would seem that the court's charge, as given, had the effect to eliminate this feature of plaintiff's case. If so, the error, if any, was one of which the defendant could not complain. The presumption is that the jury observed the court's instructions, and the damages assessed give no evidence of passion or prejudice, and do not indicate that the jurors went outside of the testimony submitted to them to find excuse for enlarging the verdict. There was no reversible error in the rulings complained of.

III. The third objection is that the petition charges negligence in general terms, without specifying the particular act or things constituting such negligence; yet the court, in

7. NEGLIGENCE: pleading: general allegation of negligence: sufficiency.

charging the jury, permitted them to find for the plaintiff if the deceased was negligently driving at an excessive rate of speed, or if, in passing a defective place in the road, he negligently attempted to pass on the more dangerous side, thereby causing the plaintiff's injury without contributory fault on her part, neither of these specifications being pleaded in the petition. The objection cannot be sustained.

"Statement of the specific acts . . . constituting the alleged negligence by which injury has been occasioned is

never necessary to the statement of a cause of action.'' *Gordon v. Chicago, R. I. & P. R. Co.,* 129 Iowa 747, 752.

The statement of the facts on which such allegation is founded is a pleading of evidence. *Grinde v. M. & St. P. R. Co.,* 42 Iowa 376. Ordinarily such an allegation is not vulnerable to a motion for a more specific statement (*Grinde v. M. & St. P. R. Co.,* supra; *Scott v. Hogan,* 72 Iowa 614), though it may well happen that the circumstances of a case are such that, as a matter of fairness to the defendant, the court will, upon notice, require the plaintiff to plead more specifically. Under a general and indefinite allegation in

8. NEGLIGENCE: evidence: general allegation of negligence.

the petition of the nature of the plaintiff's claim, he is entitled to prove any state of facts tending to justify such claim, although such facts are nowhere specifically pleaded; and in such case the trial court may look to the evidence to determine the character and nature of the right which the party is asserting, and instruct the jury with reference to it. Such is the express holding of this court in *Gunsel v. McDonnell,* 67 Iowa 521, 524. In this case, therefore, plaintiff, having alleged negligence generally, was entitled to offer proof of any act or omission of the deceased tending to show want of due care on his part, and, having offered proof tending to show that deceased was driving at a high and reckless rate of speed, and that he drove over or around a defect in the road at such speed or in such manner as naturally tended to cause the accident, it was proper for the court to charge the jury concerning such conduct.

No claim is made that upon the general merits of the case the evidence does not warrant the verdict; nor could such claim be well advanced. If the witnesses for plaintiff tell the truth, the car was being driven at a reckless rate of speed, over a road not in condition to justify it; and the surprise is not that disaster occurred, but that young men of ordinary judgment and intelligence should take such frightful chances.

We find no reversible error in the record, and the judgment below is—*Affirmed.*

Evans, C. J., Deemer and Preston, JJ., concur.