## IN RE ESTATE OF RUFUS J. LA GRANGE.

**APPEAL AND ERROR:** Reservation of Grounds—Absence of Rulings.
1  Objections without rulings thereon present no ground for review on appeal.

**WITNESSES:** Transactions With Deceased—Inferable Fact.  Principle
2,3  reaffirmed that a party to an action against the personal representatives of a deceased is not incompetent to testify to nonprohibited facts from which, by inference, other facts may be found, even though the fact found by inference is a fact to which the witness is not competent to testify directly.  Held that such a witness might testify that she placed the subject-matter of an alleged gift ''in a suit case, in the presence of'' deceased.

**APPEAL AND ERROR:** Estoppel to Allege Error.  One may not predi-
4,6  cate error on the overruling of his objection to the introduction of testimony, when he later permits the introduction of the identical testimony, without objection.

**WITNESSES:** Transactions With Deceased—Handwriting.  A party to
5  an action against the personal representatives of a deceased is a competent witness to testify to the handwriting of deceased.

*Appeal from Poweshiek District Court.*—K. E. WILLCOCKSON, Judge.

MARCH 16, 1921.

ACTION to establish the claim of one Clara A. Gieskieng as the owner of certain certificates of deposit owned by the decedent during his lifetime.  Judgment in favor of the claimant, from which other heirs of said decedent appeal.—*Affirmed.*

*Stapleton & Stapleton,* for appellants.

*Popham & Havner* and *Havner, Hatter & Harned,* for appellee.

FAVILLE, J.—The decedent, Rufus J. La Grange, died intestate on the 20th day of May, 1914.  He left surviving him one

daughter, Clara A. Gieskieng, and three minor grandchildren, who are the children of a deceased daughter. After the death of said·decedent, various proceedings were had in the matter of his estate, consisting of the appointment of an administrator and a special administrator, the filing of reports, objections, stipulations, and numerous other proceedings. Out of these, there was finally presented to the court for determination the question as to whether or not the appellee, Clara A. Gieskieng, was the absolute owner of two certain certificates of deposit, one for the sum of $2,800, issued by the Merchants National Bank, of Grinnell, Iowa, and one for the sum of $2,000, issued by the Grinnell Savings Bank, of Grinnell, Iowa, or whether the same belonged to the estate of said decedent. Each of said certificates was drawn payable to the order of the said decedent, and neither of them was indorsed in writing by said decedent.

It is the claim of the appellee, Clara A. Gieskieng, that the said certificates of deposit were given to her by her father, the decedent, shortly before his death, and that she became the absolute owner thereof. The other heirs of the decedent contested this claim.

The cause was tried as a law action, without the intervention of a jury, and the lower court found that the said Clara A. Gieskieng was the owner of the said certificates of deposit by gift from the said decedent, and that they were not the property of the estate of said Rufus J. La Grange, and entered judgment accordingly.

At the time of his death, the decedent was about 71 years of age. Aside from the certificates of deposit in question, the decedent owned some personal property, of the value of $500 or $600, and a small amount of real estate, worth probably $600 or $700. It appears from the abstract that the decedent, to within a short time of his death, lived alone in two rooms in the city of Grinnell, one of which he used for a harness shop and a kitchen, and the other for his sleeping room. The appellee was a married woman, living with her husband on a farm about 5½ miles southeast of Marengo. Two or three days before the 20th of May, 1914, the appellee was at her father's home in Grinnell, and decedent accompanied her home, where he died the following day.

The appellee claims that, on the morning she and her father left Grinnell for her home near Marengo, and prior to departure from the house, her father gave her the two certificates of deposit that are involved in this action.

The testimony of the witness Viele discloses, in a general way, the basis of appellee's claim. He testified that he was in no way related to the parties; that he lived in Grinnell, and was acquainted with decedent; and that his place of business was about 16 feet from that of the decedent; that he was in the room of the decedent, the morning that he left for Marengo; and that, at said time, he heard the decedent say to the appellee, when they were getting ready to leave, regarding a certain grip that was then in the room: "Clara, take this grip; for it, and what is in it, is yours." The witness says he could not say whether or not the appellee took the grip at the time, and could not say who carried it; that he and his brother and the decedent and appellee went to the train at Grinnell, and he never saw the decedent again. He testified that he had seen the grip in the possession of the decedent prior to that time; that it was a leather suit case, and, to his best recollection, it was carried in an automobile to the train.

Other witnesses testified to other matters of detail regarding the transaction, and also as to occurrences at appellee's home, after she and decedent arrived there. We shall not incumber this opinion by setting out said evidence in detail, except as it may become necessary to a discussion of the questions presented for our determination.

I. Appellee was a witness in her own behalf. She testified to being at her father's house in Grinnell, and that her father accompanied her to her home in Marengo, where he died. She testified that, prior to this visit at her father's, she did not know anything about his having the certificates of deposit in question. Appellee was asked: "Did any other person than your father tell you where those certificates were?" The objection was urged that the witness was incompetent to testify, under Code Section 4604. The answer was: "No, sir." The witness was also asked: "State who had charge of the grip from the time you left the place until you got to Marengo." The same objection was urged, and also

1. APPEAL AND ERROR: reservation of grounds: absence of rulings.

that it called for the opinion and conclusion of the witness, and was incompetent. The witness answered: "I had."

Nowhere in the appellants' abstract, appellee's additional abstract, or appellants' additional abstract, is there any record of any ruling on this objection to this testimony, or of any motion to exclude the same. We cannot review alleged errors of the court in the admission of testimony, unless the record shows the specific ruling of which complaint is made.

II.   The appellee was permitted, over the objection that she was incompetent, under Code Section 4604, to testify that she placed the certificates of deposit in the suit case in the presence of her father. Code 4604. The writer of this opinion concurs in the views expressed by Mr. Justice Weaver, in *Curd v. Wisser,* 120 Iowa 743, to the effect that:

2. Witnesses: transactions with deceased: inferable fact.

"Our decisions have gone to the extreme limit of liberality in this respect, but the rule of the cited cases has been so long and so frequently followed, it must be regarded the settled policy of our law, until changed by legislative enactment."

The admission of this testimony was not erroneous under our previous holdings. *McElhenney v. Hendricks,* 82 Iowa 657; *Walkley v. Clarke,* 107 Iowa 451; *In re Estate of Townsend,* 122 Iowa 246; *Campbell v. Collins,* 133 Iowa 152; *Dysart v. Furrow,* 90 Iowa 59; *Graham v. McKinney,* 147 Iowa 164; *Yoder v. Engelbert,* 155 Iowa 515.

III.   The appellee was asked:

"Now, I mean, did anyone, after you took charge of the grip, ask you to turn the grip over to them?"

3. Witnesses: transactions with deceased: inferable fact.

The objection of incompetency under Code Section 4604 was urged, and the witness was permitted to answer. She said, "No."

Immediately thereafter, the witness was asked this question:

"Did anyone ask you to turn the grip over to them after you took charge of it at Grinnell?" And without any objection, the witness answered, "No."

Upon this record, we do not think the appellants are in a situation to complain. If the ruling was erroneous, it was without prejudicial error, because the subject-matter was immediately

4. Appeal and error: estoppel to allege error.

thereafter introduced without objection. The ruling, however, was not erroneous. See cases supra.

IV. The appellee testified, without objection, that she was acquainted with her father's handwriting. She was then asked this question:

5. WITNESSES: transactions with deceased: handwriting.

"I will ask you to examine Exhibit A, and state to the court whether or not that paper is in your father's handwriting."

This was objected to because the witness was incompetent to answer, under Code Section 4604. The answer was received, subject to the objection, by order of court, and the witness answered, "Yes, sir." No motion was made to strike this testimony. It is very doubtful if there is anything before us to consider upon this record. In any event, the evidence was admissible. See *Sankey v. Cook*, 82 Iowa 125; *Stevens v. Witter*, 88 Iowa 636; *Scott v. Brenton*, 168 Iowa 201.

V. Error is predicated upon the following record:

"Q. After you placed those certificates in that suit case at Grinnell, were they ever in any other person's possession except your own, until you turned them in to the bank at Marengo after your father's death?

6. APPEAL AND ERROR: estoppel to allege error.

"Mr. Lewis: Object to the question as calling for the conclusion and opinion of the witness, because the fact being that what possession she had of the suit case was quite as consistent with their being the property of R. J. La Grange when she was moving down home as if they had been her property. (Answer taken subject to the objection. Exception.)

"A. No, sir." ·

No motion to strike this evidence was made. It further appears that, in another part of her examination, the appellee was asked this question:

"Until the time these certificates were cashed, did any person have possession of them, other than yourself, after you took possession of them at Grinnell?"

And without any objection, the witness answered, "No, sir."

There is no error in this record. See, however, *In re Will of Wiltsey*, 135 Iowa 430, and cases cited.

VI. Objection is urged because the appellee was permitted

to testify as to the amount of the certificates in question. The evidence affirmatively shows that the certificates had been cashed, and were not in the possession of the appellee. Furthermore, the amounts of the certificates were specifically admitted of record by both parties. There was no error in overruling this objection.

VII. It is urged that the court erred in not finding that the appellee did not obtain possession of the certificates in question until after the death of her father. We have carefully examined the evidence in regard to this contention of the appellants', and do not deem it necessary to review it in this opinion. The action was tried at law, and the finding of the lower court has the force and effect of the verdict of a jury, and cannot be disturbed by us, where there is substantial support in the testimony.

From an examination of the record, we reach the conclusion that not only has the finding of the lower court substantial evidence to support it, but that the conclusion reached was fully warranted.

VIII. It is contended by the appellants that the evidence fails to show a delivery of the certificates in question to the appellee, and further, that, if there were such delivery as a gift, it was subsequently revoked, and the possession of the certificates restored to the decedent before his death.

Conceding the correctness of the propositions of law urged by the appellants, the record in the case does not warrant the conclusion for which appellants contend. There was sufficient evidence, outside of any testimony from the appellee or interested parties, from which the court would have been warranted in finding that the decedent knew that the certificates of deposit in question were in his suit case, and that he gave and delivered the said suit case into the possession of the appellee, with sufficient words to indicate the present passing of the title to the said suit case and its contents. None of the elements of a fully executed gift was lacking. The fact that, after the decedent arrived at the home of the appellee at Marengo, he inquired for his grip, and that the same was brought into his room, and was located there at the time of his death, together with the other circumstances respecting said matter, as shown by the evidence, was not sufficient to show a revocation of an already completed gift.

The case is not free from doubt upon the fact questions involved, but it is not triable before us *de novo,* and we find substantial evidence to support the conclusions of the trial court, which, under such circumstances, are binding upon us. We find no reversible error in the record, and the judgment of the lower court is—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.