J. M. SLEZAK, Administrator, Appellant, v. BARBARA KRISINGER
et al., Appellees.

**EVIDENCE:** Transaction with Decedent—Payment—Insufficient Evidence. The burden of proof to establish payment of an obligation is not met by testimony which goes no further than to create *an inference* of payment.

Headnote 1: 30 Cyc. p. 1290.

*Appeal from Union District Court.*—H. H. CARTER, Judge.

OCTOBER 19, 1926.

Action by an administrator, to recover on a note. From a judgment in favor of the defendants on the verdict of the jury, plaintiff appeals.—*Reversed.*

*D. A. Crowley* and *Wilson & Kellam,* for appellant.

*Johnston & Boone,* for appellees.

ALBERT, J.—Plaintiff is the administrator of the estate of Annie Schubert, deceased, and brings action against the defendants on a promissory note for $1,500, which came into his hands as a part of the estate of which he is administrator. The defendants, by way of answer, admit the execution of the note, deny that it is wholly unpaid, and plead that they paid the same in full on or about the 1st of January, 1922.

The claim of the defense to which they direct their testimony is, in substance, as follows: Barbara Krisinger, who is the defendant herein, is the mother of Ed Krisinger, John Krisinger, and Mrs. Mosey. In February, 1922, Ed Krisinger paid to Barbara Krisinger $1,585, on a note then held by the mother against him. This money was taken by the mother and put under a rug or carpet in the house, where it remained some seven days, until the 11th day of February following. The witnesses say that the money was then taken out and counted by George Krisinger, Mrs. Mosey, Barbara Krisinger, and John Krisinger in three piles of $500 each, and $75 in another pile; that this money was

then taken by the mother and put in a bill fold and placed in a pocket of the coat of John Krisinger, who then went to the little town of Williamson, where Mrs. Annie Schubert was living. John Krisinger testified, in substance, as follows:

"I took the money out there [to Williamson]. Q. Did you go into that house? A. Yes, I did. Q. Now, at the time you went into that house, did you have this money with you in that bill fold? A. Yes, sir. Q. Will you state whether or not you saw that money after you went into the house? A. I did. Q. I will ask you whether or not thereafter, or shortly thereafter you had this money in your hand, whether or not you saw this money in the hands of any other person. A. I did. Q. Now, in what person's hand did you see that money? A. Mrs. Annie Schubert."

This testimony was all objected to, as violative of the provisions of Section 11257, Code of 1924.

In the trial of the case, there was also offered in evidence a receipt, purporting to have been signed by Annie Schubert, which receipt we have before us. The receipt shows on its face that it was dated January 1, 1922, and was originally a receipt for $75 interest, the said 1st of January being the date when the interest was due. The receipt also recited on its face that it was "for interest." The witness John Krisinger admits that he changed this receipt by putting the figures "15" before the "75," making it read "1575," and also that he added, after the words "for interest," which appeared on the original receipt, the words "and note," so that the receipt read, after he had thus rewritten it, "for interest and note." His claim in this respect is that this receipt was prepared by his sister at home before he left. It might be said, in passing, that it is rather strange that it was dated January 1st, when this payment is claimed to have been made on the 11th of February. But, this being passed, he claims that it was signed by Mrs. Schubert after he made the changes on the same, as above set out. He claims that he made such changes in the presence of Mrs. Schubert, and just before she signed this receipt. He tends to prove this situation by the following testimony, after having testified as to his changing the receipt:

"Q. Now, was the signature of Anna Schubert on that receipt at that time? A. It was not. Q. Now afterwards, did you

see that receipt in the hands of any other person than yourself?
A. Yes, sir, I did.  Q. In whose hands?  A. In my hands.  Q.
There was no signature on it, you say?  A. No, sir, there was no
signature on it then.  Q. Did you have the receipt in your hands
at the time it was signed?  A. Well, I had it after it was signed.
Q. Now, Mr. Krisinger, after that receipt was in the form it is
now in, except as to the signature, did you see it or not see it in
the hands of some other person than yourself?  A. No, I did
not.  Q. I am asking you whether the signature now that appears
on the receipt was placed there while the receipt was in your
hands.  A. No, sir.  Q. I will ask you whether or not you saw
the signature on that receipt placed there.  A. Yes, sir.  Q.
Now, did you afterwards, on the same occasion, again have this
receipt in your possession?  A. I did.  I took it home with me,
and gave it to my mother.''

The evidence shows that the witness John Krisinger and
Annie Schubert were alone in the house at the time this alleged
transaction took place.  We are treated to a very able discussion
on the question of the admissibility of this testimony with refer-
ence to the aforesaid section of the statute, Section 11257, which
corresponds with Section 4604, Code of 1897.  We seem to have
had this question before us in some thirty-five different cases,
commencing with *McElhenney v. Hendricks,* 82 Iowa 657, and
ending with the case of *Gould v. Logan,* 198 Iowa 935.  We will
not attempt to discuss this line of authorities, but content our-
selves with a disposition of this case on one assignment of error:
to wit, that the evidence is not sufficient to support the verdict.

It is to be noted in passing that, as to the transaction, if
any, that took place in the home of the deceased, the only parties
thereto were, as stated, the witness John Krisinger and Annie
Schubert.  As to what took place there between them, the only
evidence in the record of any kind or character comes from the
witness John Krisinger.  If we assume, without deciding, that
his testimony, as above set out, is admissible, the question is, Is
it sufficient to support the verdict for the defendants?

In the case of *Campbell v. Collins,* 152 Iowa 608, it was the
claim of Campbell that he had paid $500 in cash to S. L. Collins
(who at the time of the trial was deceased), in Collins' bank.
The witness Campbell testifies:

''I carried $1,000 in currency into the bank on December

18th. The only persons present were S. L. Collins, Lafe Collins, and another whom I did not know. I had only $500 when I left the bank. I did not pay any money to Lafe Collins or to the other man.''

This was the sum total of the testimony in that case. We said there that a verdict based upon this testimony could not be sustained. What more have we in this case? The rule as pronounced in the *McElhenney* case, heretofore referred to, holds that the evidence there offered raised no more than an inference. This same thought runs through all our decisions involving this statute. An inference is not sufficient, under circumstances of this kind, where the burden of proof is on the party claiming the payment, to support a verdict, under the rule laid down in the *Campbell* case, supra. There must be other and independent testimony, aside from that of an incompetent witness, to aid this inference, before it can be said to be sufficient to answer the call of the burden of proof.

It might be urged, however, that the matter of the receipt would be evidence of the latter character; but, in view of the alteration of the receipt by the witness himself, what John Krisinger says about it, and the appearance of the receipt itself, it is of such uncertain and unsatisfactory character that we do not feel that it could be held to be such supporting testimony as is required. More than this, in the light of the above rule, the testimony about the receipt, at most, can raise only another inference, and would result in adding one inference to another.

This conclusion having been reached, it is apparent that the verdict has not the necessary support in the evidence.—*Reversed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.