|103 593|
|103  96|

103  593
139  162
141  314

THOMAS HAGAN v. C. H. S. POWERS, Appellant.

**Evidence:** PERSONAL TRANSACTIONS WITH DECEDENT. Where a husband buys land, and has it deeded to his wife without her knowledge, there is no personal transaction between him and her, within Code 1873, section 3639, providing that no party can be examined

as to any personal transaction or communication between him and a person at the time of such examination deceased, etc.

SAME. In an action by a surviving husband against his deceased wife's father to quiet in plaintiff title to land purchased by him, 3 and deeded to his wife, plaintiff, under Code 1873, section 3639, was not competent to testify that the wife promised to take care of it for him.

Resulting Trusts. The provisions of Code 1873, section 1935, with 3 reference to the creation of a trust in real property, do not apply to a trust raised by operation of law, and not by reason of any declaration or creation of the parties.

PRESUMPTIONS: *Husband and wife.* In 1873 plaintiff purchased unimproved land near the farm on which he resided, and had it deeded 1 to his wife without her knowledge, with the intention thereby to create a trust. When informed of what he had done, she acquiesced therein; and the title remained in her until her death, in 2 1894. In the meantime the husband improved, controlled, and used the land as his own. *Held,* that the presumption that the land was an advancement to the wife was overcome by evidence of his control and improvement, and her repeated admissions that the land was his, and that she held the title in trust for her husband, and his own evidence as to his intention.

*Appeal from Union District Court.*—HON. W. H. TEDFORD, Judge.

FRIDAY, OCTOBER 29, 1897.

PLAINTIFF states as his cause of action that in December, 1873, he purchased from Joseph Shaw a certain quarter section of land in Adair county, with his own property and funds, and caused the same to be conveyed to his then wife, Mary E. Hagan, by reason of which she thereafter held the title as trustee for plaintiff; that she received said trust, and agreed to safely hold said land for plaintiff's benefit; that at the purchase the land was unimproved; that plaintiff improved it, and has ever since controlled it; that Mrs. Hagan died, inestate, without issue, October 10, 1894, leaving the defendant as her only surviving parent; that defendant claims an undivided one-half of said land by inher-

itance through said Mary E. Hagan, but that, in truth
and in fact, said Mary E. Hagan did not own said land
at the time of her death, but held it as trustee, as afore-
said. Plaintiff prays that he may be decreed to be the
owner in fee simple in said premises, and that he be
quieted in his title as against the claims of the defend-
ant. The defendant answered, admitting that the title
was in Mary E. Hagan, but denying that the plaintiff
paid for the land with his own money or property, and
denying that Mrs. Hagan held the same in trust for the
plaintiff, or ever recognized such trust; admits the death
of Mrs. Hagan, and that he is her only surviving parent.
He avers that Mary E. Hagan had owned and controlled
said land since December, 1873, and that her possession
and claim of ownership were adverse to the claim of the
plaintiff, and that the claim of the plaintiff is barred.
He prays for a decree awarding him the ownership of an
undivided one-half interest in said land. The action
was brought in Adair county, where the land is situated,
but, by stipulation of parties, was transfered to and
heard in the district court of Union county, by which a
decree was entered in favor of the plaintiff as prayed,
from which the defendant appealed.—*Affirmed.*

*D. W. Higbee* for appellant.

*Maxwell & Winter* for appellee.

GIVEN, J.—1. A consideration of the question
involved renders it necessary that we first determine the
facts. There is no dispute that the plaintiff purchased
the land in controversy in 1873, it being then
unimproved; that he caused the title to be con-
veyed to his wife, who continued to hold the same
until her death, October 10, 1894, when she died, intes-
tate, and without issue, leaving the defendant her only
surviving parent. During these years the plaintiff and

his wife resided upon an adjacent farm in Union county, and the plaintiff improved, controlled, and used the land in question, as his own. Plaintiff, being somewhat addicted to the use of strong drink, and not always prudent in the management of his financial affairs, caused the deed for this land to be made to his wife, without her knowledge, intending that she should hold it in trust for him; and thereafter, when informed of the fact, Mrs. Hagan acquiesced in it, and repeatedly and uniformly throughout said years acknowledged that the land was the property of her husband. Appellant states his contention as follows: "The matters necessary to be proven in order to create the resulting trust claimed by appellee (neither fraud nor mistake being claimed) are: (1) Payment by appellee with his own money; (2) intention on the part of appellee at time of conveyance to create a trust; (3) conveyance to deceased; (4) knowledge on the part of deceased of appellee's intention to create a trust, and assent or failure to dissent after that knowledge." The claim of the plaintiff that he paid for said land with his own money is denied, and the defendant contends that after the contract of purchase from Shaw, and prior to the execution of the deed or payment of the purchase price, appellant promised appellee that, in consideration of a promise on the part of the appellee that he would place the title in the name of Mrs. Hagan, appellant would furnish him help in various ways, to the amount of the cost of the land, and that appellant did so furnish such help by contributing horses and other property at various times. Upon this issue of fact, we think, the appellant has failed to support his contention. It is true, he did furnish to the plaintiff and his wife horses and other property at various times, but it was mostly before this land was contracted for, and without reference thereto. It fairly appears that in every instance that money or property was received from

appellant it is accounted for as having been a gift without condition, or as being settled for otherwise than on account of the purchase of this land: That appellee paid for the land, and caused the conveyance to be made to deceased, with the intention to thereby create a trust, and that, after knowledge of these facts, deceased assented thereto, we think, is abundantly proven.

II.    It is contended on behalf of the defendant that much of the evidence from which these facts are found is incompetent, because it relates to communications between husband and wife, and communications and transactions with the deceased Mrs. Hagan. In *Dysart v. Furrow*, 90 Iowa, 59, it is said: "If the transaction or communication was personal, it must be known alike to both, and therefore either may deny.    *    *    *    Personal transactions and communications, as contemplated by the statute, are communications between the parties of which both must have had personal knowledge." This rule is approved in the later cases of *Cole v. Marsh*, 92 Iowa, 379, and *Martin v. Shannon*, 92 Iowa, 375.    The purchase, payment, and conveyance of the land were exclusively transactions between the plaintiff and the vendor, Mr. Shaw. It was not until after the transaction was completed by the making of the conveyance that Mrs. Hagan learned that the conveyance was to her, and assented thereto, as shown by a number of witnesses other than appellee.

The only evidence appearing in the record that comes within the objection is the statement of the plaintiff, as follows: "I then told her I had deeded to her, to take care of it for me, and she said, 'I can do it.' " This statement is clearly incompetent, and must therefore be disregarded.

III.    We now inquire whether, under the facts as we find them, the law raises a resulting, or, as it is

sometimes called, a presumptive, trust in favor of appellee. In *Cotton v. Wood,* 25 Iowa, 44, the familiar rule is thus announced: "Where, upon the purchase of property, the consideration is paid by one, and the legal title conveyed to another, a resulting trust is thereby raised, and the person named in the deed will hold the property as trustee of the party paying the consideration." In Perry on Trusts (section 124) it is said: "The general foundation of this kind of trusts is the natural equity that arises when parties do certain things. Thus, if one pays the purchase money of an estate, and takes the title deed in the name of another, in the absence of all evidence of intention the law presumes a trust from the natural equity that he who pays the money for property ought to enjoy the beneficial interest." The parties to this transaction being husband and wife, another rule requires consideration. In *Cotton v. Wood,* it is further said: "But if the person to whom the conveyance is made be one for whom the party paying the consideration is under obligation, natural or moral, to provide, the transaction will be regarded *prima facie* as an advancement, and the burden will rest on the one who seeks to establish the trust for the benefit of the payee of the consideration to overcome the presumption in favor of the legal title by sufficient evidence." In the absence of the obligation to provide, it could not be questioned that the law would raise a trust in favor of appellee, from the facts established. We think appellee has fully overcome the presumption of advancement, by his own evidence as to his intention, by evidence of repeated admissions of Mrs. Hagan that the land was his, and his continued occupation and improvement of it. This being a trust raised by operation of law, and not by reason of any declaration or creation of the parties, section 1935 of the Code of 1873 does not apply. The facts in this case are in many respects the same as those alleged in

*Cotton v. Wood, supra,* and the rulings in that case support our conclusion in this. We think the decree of the district court is correct.—Affirmed.