130  467
f139  161

FORT DONALDSON, Appellant, v. EMPIRE LOAN & INVEST-
MENT COMPANY, ET AL., Appellees.

**Express trusts:** STATUTE OF FRAUDS. The agreement of a mortga-
gee, holding a sheriff's deed on foreclosure and a quitclaim
from the mortgagor, that he will reconvey on payment of the
amount due under the mortgage, amounts to an express trust
which cannot be proven by parol.

*Appeal from Sioux District Court.*— HON. F. R. GAYNOR,
Judge.

THURSDAY, FEBRUARY 15, 1906.*

ACTION in equity to have certain conveyances of real
estate declared to be simply securities, for an accounting,
and to permit plaintiff to redeem.  There was a decree in
favor of defendants, and plaintiff appeals.— *Affirmed.*

*W. D. Boies* and *E. B. Korns,* for appellant.

*E. C. Herrick* and *P. D. Van Oosterhout,* for appellees.

PER CURIAM.— The real estate in controversy is situ-
ated in Sioux county, and the title thereto was formerly
in plaintiff.  Plaintiff had financial dealings more or less
extended with the defendant Empire Company, the latter
having its business office at Sheldon, O'Brien county.  In
the course of such dealings several mortgages were exe-
cuted, covering said real estate, by plaintiff to said com-
pany, and finally one of such was foreclosed and a sheriff's
deed taken.  So, also, plaintiff made a quitclaim deed to the
company.  Thereafter the property was sold and conveyed
by the company to the defendant E. C. Kammalade.

* Received too late for publication in chronological order.—
[Editor.]

As against the defendant Empire Company the contention of plaintiff is that the property was allowed to go to sheriff's deed, and the quitclaim deed was executed, pursuant to an oral understanding and agreement that plaintiff should have the right of a reconveyance upon making payment to the company of the amount of his indebtedness to it. This the officers of the company deny, and say that absolute title was taken by the company, in extinguishment of the claims held by it. On the trial the relations between the parties were gone into in detail, and at least it is not unfair, speaking from the record, to say that the questions of fact involved are complicated in the extreme. We have made the most careful study of the record possible, and we are not prepared to say that the conclusion reached by the court below that the weight of the evidence, both as to the state of accounts between plaintiff and the company and as to the circumstances attending the transfer of title, was not warranted.

As to the defendant Kammalade, it is the contention of plaintiff that he took title to the lands pursuant to an oral agreement that upon payment to him of a sum agreed upon, he would convey to plaintiff. Here, also, we agree that the record does not warrant us in holding that, upon the fact proposition, plaintiff has shown himself entitled to a decree. Moreover, we think the agreement sought to be established comes within the prohibition of the statute having relation to express trusts in real estate where the evidence thereof rests in parol. Code, sections 2918, 4625; *Dunn v. Zwilling,* 94 Iowa, 233.— *Affirmed.*