J. R. AMIDON, Trustee for the Citizens National Bank, v. J. J. SNOUFFER, ANN J. SNOUFFER, Executrix of the Estate of J. J. SNOUFFER, Deceased, J. J. SNOUFFER, JR., FRANCIS A. BENJAMIN, VIRGINIA SNOUFFER, H. A. HARRIS and MARY S. SNOUFFER, Wife of J. J. SNOUFFER, JR., Appellees, and ANNIE STEVENS, Appellant.

Resulting trusts:   PAROL PROOF.   A resulting trust may be established by parol evidence; as where one person buys real property taking the title in another the latter becomes by opera-

tion of law a trustee and holds the title for the use and benefit of the former, and oral proof of the transaction is competent.

**Evidence:** COMMUNICATIONS WITH A DECEDENT. To be available on 2 appeal objections to the competency of a witness to detail a personal transaction with a decedent must be made upon the trial.

*Appeal from Linn District Court.*— HON. M. P. SMITH, Judge.

THURSDAY, JULY 9, 1908.

ON May 5, 1905, J. J. Snouffer, Jr., procured a loan of $15,000 from the 'Citizens National Bank of Cedar Rapids, and to secure the payment thereof procured his parents, J. J. and Ann J. Snouffer, to convey to J. R. Amidon, as trustee for the bank, real property. Amidon and the borrower executed a contract by the terms of which the former agreed to reconvey the property to J. J. Snouffer upon payment, and in event of failure to pay grantee was authorized to sell it, or so much as was necessary, to satisfy the balance owing and any expenses incurred. On the 14th of March, 1907, there was owing to the bank $2,766.26, for which plaintiff demanded judgment and a decree directing him to sell the premises at public or private sale without redemption, or in lieu of this relief enter a decree of foreclosure. J. J. Snouffer had died since the execution of the deed, and his wife, individually and as executrix of her husband's estate, answered that the property never belonged to deceased, but was owned by J. J. Snouffer, Jr., who had conveyed his interest therein to Ann J. Snouffer, and she consented to the entry of a decree directing the sale of the property by the trustee privately as prayed. Annie Stevens, a daughter of deceased, set up in her answer that deceased was owner of the property, that the debt was not as much as stated, that the deed should be treated as a mortgage, and the property sold at public sale subject to

redemption. Upon hearing the court found the amount stated to be due, that the property belonged to J. J. Snouffer, Jr., and that Ann J. Snouffer was present owner thereof, ordered the same to be sold by the trustee at private sale, and cut out all the right and interest of defendants, except Ann J. Snouffer. Annie Stevens alone appeals.— *Affirmed.*

*E. C. Preston* and *S. K. Tracy,* for appellant.

*Jamison & Smyth,* for appellees.

LADD, C. J.— The appellant, Annie Stevens, had no interest in the property in controversy, save as daughter and heir of J. J. Snouffer, deceased, and unless the latter

1. RESULTING TRUSTS: parol proof.

was owner thereof, or had some interest therein which descended to his heirs, she is not in a situation entitling her to question the correctness of the decree. The oral evidence adduced shows conclusively that J. J. Snouffer, Jr., purchased the property, paid the consideration therefor, took possession of it, and operated it as a stone quarry, but took the title in the name of his father, J. J. Snouffer; that the latter conveyed it to plaintiff as security at the son's request; and that the plaintiff contracted to reconvey upon the payment of the loan. The evidence adduced was objected to on the ground that a trust may not be established by parol evidence. That is true, fraud not being charged, of an express trust. *Gregory v. Bowsley,* 115 Iowa, 327; *Hoon v. Hoon,* 126 Iowa, 391; *Heddleton v. Stoner,* 128 Iowa, 525; *Donaldson v. Investment Co.,* 130 Iowa, 467. But a different rule prevails as to implied trusts. The law is well settled that, where one person pays the price and takes title in another, a resulting trust arises, and the latter obtains the title as trustee for the use of the former. This happens by operation of law, and not owing to any agreement. *Ratliff v. Ellis,* 2 Iowa, 59; *Cooper v. Skeel,* 14 Iowa, 578; *Harris v. Stone,* 15 Iowa, 273; *Sunderland v. Sunderland,* 19 Iowa, 325;

*Maple v. Nelson,* 31 Iowa, 322; *Shepard v. Pratt,* 32 Iowa, 296; *Paige v. Paige,* 71 Iowa, 318; *Acker · v. Priest,* 92 Iowa, 610; *Maroney v. Maroney,* 97 Iowa, 711; *Hagen v. Powers,* 103 Iowa, 593; *Williams v. Williams,* 108 Iowa, 91; *Andrew v. Andrew,* 114 Iowa, 524; *Luckhart v. Luckhart,* 120 Iowa, 248; *Kringle v. Rhomberg,* 120 Iowa, 472; *Malley v. Malley,* 121 Iowa, 237.

It is also suggested that Ann J. Snouffer was incompetent to testify, because of the prohibition of section 4604 of the Code. A sufficient answer is that no such objection was interposed. *Burdick v. Raymond,* 107 Iowa, 228. No showing was made that the widow had acquired the actual ownership of the property; but that is immaterial, as it was shown that it belonged to J. J. Snouffer, Jr., and not to deceased, and therefore that the heirs inherited no interest therein. In view of this conclusion, it is unnecessary to pass on the motion to dismiss the appeal.— *Affirmed.*

2. EVIDENCE: communications with a decedent.

