JANE GRAHAM, Appellant, v. J. A. McKINNEY, Administrator of the Estate of JOHN CUNNINGHAM, Deceased, et al.

**Estates of decedents:** . CLAIMS: IMPLIED CONTRACT FOR COMPENSATION: 1 EVIDENCE. In proceedings for the establishment of a claim against an administrator on an implied contract to compensate the claimant, the facts implying the agreement must be so well established as to leave no room for conjecture, and when so established the law implies a promise to pay the reasonable value thereof; and the burden of proving that the claim is unpaid is not upon the claimant. In this case the claimant sought to establish a claim for care, board and lodging of the decedent, and the evidence is held to negative the administrators contention that decedent had merely taken meals at claimant's house, without contemplation on the part of either that he should pay therefor

**Same:** EVIDENCE: TRANSACTIONS WITH A DECEDENT. In an action 2 against an administrator for board, lodging and care furnished decedent, the inquiries of claimant as to whether decedent roomed and boarded elsewhere and whether others rendered him similar service during his illness, were not objectionable, under the statute prohibiting a party from testifying to personal transactions with a decedent; but an inquiry as to what amount of board or care decedent required related to a personal transaction with him to which the plaintiff was not competent to testify.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

MONDAY, APRIL 11, 1910.

A CLAIM "on account of board, lodging, mending, and keep, rendered and furnished to said decedent at his special instance and request" was filed by Jane Graham with the administrator of the estate of John Cunningham, deceased. Upon trial, at the conclusion of the evidence introduced by claimant, the court on motion directed the jury to return a verdict for the administrator, which was done, and judgment entered thereon. The claimant appeals.—*Reversed.*

*Gillespie & Bannister,* for appellant.

*Mills & Perry* for appellee McKinney.

*John McLennan* and *J. M. Graham,* for appellees McGuire and Cunningham.

LADD, J.—The claimant kept a boarding and rooming house at 326 East Fifth street in Des Moines. The evidence that deceased, who was not related to her, had occupied a room therein and boarded with her for three or four years prior to his death on November 17, 1907, was uncontradicted. Cummings testified that deceased had roomed there three and one-half years, and that for six months of this time he ate supper with him at claimant's table. Mrs. Priest testified that he had boarded and roomed there three years, and her testimony was corroborated by that of the other witnesses.

I. The suggestion of appellee that the proof was that he had merely been seen at the place or at the table in a few instances or at certain times is not borne out by the

record.    Moreover, the record disclosed that he was fre-
quently in ill health, and that claimant cared
for him.    Having furnished him board and
a room and rendered services in his care,
the law implied a promise on his part that
he would pay the reasonable value thereof.

*1. ESTATES OF*
*DECEDENTS:*
*claims:*
*implied*
*contract for*
*compensation:*
*evidence.*

Such value was shown, and a witness testified to a con-
versation in 1906, and another in 1907, wherein deceased
was said to have admitted that he had not paid claimant
for his board and room, but expected to see that she was
taken care of.    Nevertheless, a verdict was directed for
the administrator.    In such a case the facts justifying the
implication of an agreement to pay must be well estab-
lished and nothing left to conjecture.    *Bartholomew v.
Adams,* 143 Iowa, 354.    This requirement was met, and,
as the statute (section 3340, Code) expressly declares
that "the burden of proving that a claim is unpaid shall
not be placed upon a party filing a claim against the es-
tate," a case was made for the jury.

II.    Claimant, in the course of her examination, was
asked, in substance, (1) whether he had roomed and board-
ed elsewhere than at her house; (2) what amount of board
or care of him was required; and (3)
whether any person other than herself had
rendered him any services during his illness.
Objection to each of these inquiries was in-
terposed on the ground that the witness was incompetent,

*2. SAME:*
*evidence:*
*transactions*
*with a*
*decedent.*

under section 4604 of the Code, prohibiting her from
being "examined as a witness in regard to any personal
transaction or communication between" herself and de-
ceased.    Objection to the first and third inquiries should
have been overruled.    Neither called for a personal trans-
action, though, had answers been in the negative, it might
have been inferred that he roomed and boarded, if at all,
at plaintiff's house, and that she might have cared for him
when sick.    *McElhenney v. Hendricks,* 82 Iowa, 657:

*Campbell v. Collins,* 133 Iowa, 152. In the last case, we said the statute was not designed to exclude testimony not itself obnoxious to its prohibition, from which inference of what was done between the parties might be drawn. The objection to the second inquiry was rightly sustained. The witness knew of the amount of care exacted from deceased only from personal transactions with him, and the question called for her conclusion with reference thereto.

Other questions raised will not be likely to arise on another trial.

Because of the errors pointed out, the judgment is *reversed.*

---

CHARLES S. BLACKETT, FRANCIS H. BLACKETT, ELIZA-
BETH W. TUTHILL, LOUISA A. MATHIS, WILLIAM L.
BLACKETT and MARTHA C. BLACKETT, Appellants, v.
S. B. ZIEGLER, Executor of the Estate of ELIZABETH
W. LEWIS.

**Appeal:** BRIEFS: SPECIFICATION OF ERRORS: REVIEW. Although a formal assignment of errors on appeal is no longer essential, still the appellant's brief should indicate clearly the errors he desires to have reviewed; and while it is desirable that the Supreme Court rule relating to brief making should be observed, failure to do so is not jurisdictional, and the court is not required to decline to pass upon asserted errors, even though the brief does not comply with the rule.

**Pleadings:** DEMURRER: AMENDMENT: MOTION TO STRIKE. Where a demurrer to a petition was sustained and the defendant moved to strike an amended petition on the ground that it did not obviate the ruling on the demurrer, the court if convinced that a mistake was made in sustaining the demurrer could set aside the order and overrule the same, and the real question thus presented by the motion was the sufficiency of the petition with the amendment.

**Trusts:** LIMITATION OF ACTIONS. Ordinarily the denial by a trustee of the rights of the *cestui que* trust, so that his possession be-

comes adverse, will set the statute of limitations in operation; and a transferee of the trust property becomes a trustee by construction of law, so that the statute of limitations begins to run from the time of transfer, or as soon as the *cestui que* trust has knowledge thereof.

**Same:** REMAINDERS. Where property is left to one in trust for life, upon his death to become the property of his heirs, and during the life estate the trustee transfers the property, the remainderman, in the absence of other circumstances, may assume that it is held by the transferee subject to his claim, and the statute of limitations will not commence to run against an action by him to preserve the trust until the life estate is terminated.

**Same:** FORMER ADJUDICATION : PLEADINGS. In this action to preserve and enforce a trust alleged to have been created by the testator in favor of one of his children, the remainder to plaintiffs, his heirs, the petition alleged that the executor conveyed certain real estate at a sum less than its value to his wife, one of the testator's heirs, with knowledge of the wife as to its actual value and of the trust impressed upon the property; that subsequently the executor turned over to his wife a portion of the trust fund; that the executor died and upon administration of his estate the remaining trust funds were turned over to his wife, but this was not alleged to have been done in settlement of the trust fund, nor was the discharge of the executor as trustee alleged, nor that the distribution was ordered or approved, although it was alleged that the plaintiffs were represented in the probate proceedings in a perfunctory way by a guardian *ad litem.* Plaintiffs ask that the trust fund be turned over to a trustee. *Held,* that the petition was not demurrable on the ground that the matters alleged had been adjudicated in the probate proceedings.

**Same.** In the absence of allegations to that effect it will not be presumed that the wife intended to hold the property in opposition to the terms of the trust and adversely to the plaintiff; and her holding with knowledge, as alleged, was not such a repudiation of the trust as would start the running of the statute of limitations against the plaintiff, so that the petition did not show on its face that the action was barred, thus rendering it subject to demurrer.

*Appeal from Fayette District Court.*—HON. L. E. FELLOWS, Judge.

MONDAY, APRIL 11, 1910.

WILLIAM BLACKETT died testate October 5, 1879. His will was admitted to probate December 1st of the same year. It left all his property to his wife during her life, and directed that both real and personal property be converted into money by the executors of his estate, "and divided into three equal parts among my three children, as follows, to wit: One share to my son H. S. Blackett of Lawler, Chickasaw County, Iowa, and one share to my daughter Elizabeth W. Lewis of Clermont, Iowa, the remaining one-third to be invested by said executors in first mortgages on farm property at the highest legal rate of interest that can be obtained, and the net amount of proceeds to be paid to my son James P. Blackett of Clermont, Iowa, during the term of his natural life, and after his death the said share to be the property of the natural heirs of the said James P. Blackett according to the legal course of descent and inheritance." W. C. Lewis, the husband of one of the beneficiaries, and H. S. Blackett were named as executors. The petition alleged that plaintiffs were the children of James P. Blackett, and, in substance, that the entire fund held by the executor in trust for the benefit of said James and children had been transferred to Elizabeth W. Lewis by the executor, and prayed that she account therefor. Thereafter Mrs. Lewis died, and S. B. Ziegler, the executor of her estate, was substituted as defendant. A demurrer to the petition was sustained, and plaintiffs granted leave to plead over. They filed an amendment thereto withdrawing all of it after the first paragraph and alleging other matters differently. A motion to strike this was sustained. The plaintiffs elected to stand on the ruling, and the petition as amended was dismissed. They appeal.—*Reversed.*

