WILLIAM VAN SICKLE, JR., Administrator of the Estate of WM. VAN SICKLE, SR., deceased, Appellant, v. MARY E. STAUB, Appellee.

**Executors and administrators:** ACTIONS: VARIANCE. Where an administrator sues purely in his representative capacity his recovery must be upon an obligation created in favor of deceased in his lifetime; he can not recover on proof of an obligation made to him individually, or in the name of deceased after his death. If the obligation was made directly to the administrator he could sue on it in his own name, although the recovery might be for the benefit of the estate of which he was administrator.

**Evidence:** TRANSACTIONS WITH A DECEDENT. The maker of a note payable to a decedent was competent to testify that he signed the same some time after decedent's death and in the presence of persons then living; as the same involved no personal communication or transaction with a decedent. And being competent to so testify, the erroneous admission of further testimony that he did not sign the same during the life of decedent was not prejudicial.

**Same.** A witness may testify to conversations between a decedent and other persons which took place in his presence and in which he took no part; but not to conversations with decedent in which the witness participated.

**Same:** OBJECTIONS NOT RAISED BELOW. Although the examination of a witness shows that he took part in a detailed conversation with a decedent, still if no motion was made to strike the evi-

dence for that reason and ruled upon by the lower court, the appellate court will not consider an objection thereto.

**Appeal:** REVIEW OF VERDICT. Where there is evidence to support a verdict it will not be disturbed on appeal although the appellate court might have been better satisfied with a different result.

*Appeal from Lee District Court.*—HON. H. BANK, JR., Judge.

WEDNESDAY, JUNE 5, 1912.

ACTION at law upon a promissory note purporting to have been executed by defendant to William Van Sickle, Sr., on June 15, 1893. Various defenses were interposed, which will be referred to in the body of the opinion, and upon the issues joined the case was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*E. C. Weber* and *Blake & Wilson* for appellant.

*George B. Stewart* for appellee.

DEEMER, J.—As some of the questions presented depend upon the issues tendered, we shall state the substance thereof preliminary to a consideration of the points presented.

The action is brought by the administrator of the estate of William Van Sickle, Sr.; and in his petition plaintiff alleges that on or about June 15, 1893, defendant made, executed, and delivered to William Van Sickle, Sr. during his lifetime, the promissory note in suit for the sum of $800, upon which but $30, as interest, has been paid. Defendant denied each and every allegation of the petition, and further alleged that the note was without any consideration. She further alleged that the note was not delivered to William Van Sickle, Sr., and avers that the

same was obtained from her by the threats and duress of plaintiff, Van Sickle, Jr., and his mother, to the effect that it would kill the mother if she (defendant) did not sign the note. The reply was a general denial of the affirmative allegations of the answer.

The testimony in support of the defense was largely directed to the question of non-delivery of the note to William Van Sickle, Sr., during his lifetime. The trial court withdrew the issue of threats and duress by the following instruction: "(6) As to the question of the alleged duress or threats claimed to have been made to induce the defendant to sign said note, you are instructed that such a defense can not be considered by the jury in this case, for the reason that, if it has been established by a preponderance of the evidence that said note was signed by the defendant after the death of William Van Sickle, Sr., then plaintiff can not recover on the note sued on, even though defendant was not induced to sign said note by reason of any duress or threats.".

The verdict for defendant was evidently bottomed upon the proposition that defendant did not execute and deliver the note to the deceased during his lifetime; and the main question on the merits is whether or not, under the testimony adduced and the issues tendered, such verdict should be allowed to stand.

From the testimony it appears that deceased, his wife joining with him, on June 15, 1893, conveyed a certain forty acres of land to the defendant for the expressed consideration of $800; and, on the one hand, it is insisted that the note in suit, which is for $800, represents the consideration for the conveyance, and was delivered to the deceased, during his lifetime, as part of the transaction relative to the sale of the land; while, on the other, it is contended that the note was not executed at that time, or as a part of the transaction, but was subsequently executed and delivered, without consideration, to William Van

Sickle, Jr., personally. Defendant, as a witness, testified that she did not execute or deliver the note until ten or twelve months after the death of the deceased, which occurred June 28, 1893; that it was signed in the presence of four other persons, and that she received no consideration whatever therefor; that she never paid any interest on the note, and was not requested to pay it until shortly before the commencement of this action, which was on June 11, 1907. Her explanation of the giving of the note to Van Sickle, Jr., was that it was done to satisfy her mother, who was then in ill health, and who said she could not last long if the note was not signed; that it would kill her if she did not sign. Defendant is corroborated as to the signing of the note by her daughter, a Mrs. Woods; and it is also shown that the note was not listed in the first inventory filed by the executor. Although in his first report, filed December 12, 1894, the note is listed.

Against this testimony, plaintiff relied upon the note itself; and he also showed certain admissions made by defendant that she owed the note. Other testimony was introduced tending to show that the note was executed and delivered, at the request of the elder Van Sickle, at the same time the deed was made, and as a part of the transaction. Plaintiff also testified that the note came into his hands a short time after his father's death; that his mother found it among the papers of the deceased and gave it to him. He further testified as follows: "I made a demand upon Mary E. Staub for payment a short time after the note was due. It was due four years from date, some time in 1897. At the time I made demand, she said she could not pay it; that she did not have the money; and that we would have to take the land back. And I told her I didn't want to take the land back; but I wanted her to have her home. I made another demand upon her about ten years after the note was drawn. I told her that something would have to be done; some settlement would have

to be made; and she said she did not have the money. She never said she did not owe the note. I am acquainted with William Barnes, and was present with him at the Staub farm when she stated that she signed and was owing the note. She said she signed it. I remember being in your [Mr. Weber's] office at the time when Mrs. Staub was present. It was about the 26th or 27th of last February; and after she left your office I had a conversation with her. I asked her what she wanted to do about the note; and she said she would pay 5 percent. The note was not signed by Mary E. Staub in my presence and after my father's death."

Much of this testimony was denied by defendant. The entire case seemed to hinge upon this radical conflict in the testimony; and, aside from rulings on testimony, to which we shall presently refer, the chief point relied upon for appellant is the court's refusal to give the following instructions:

(2) If you find from the evidence that the note in suit was executed by the defendant at the time of its date, to wit, June 15, 1893, then the plaintiff will be entitled to recover the full amount due thereon, unless it has been shown that there was a want of consideration. Or, if you find from the evidence that such note was signed by the defendant subsequent to the death of her father, William Van Sickle, Sr., and if you further find that such note was executed by the defendant in pursuance of an agreement with and promise to her father that she would make payment as provided, and in the amount named in said note, in consideration of the conveyance to her of certain real estate, then the plaintiff, as administrator, will be entitled to recover.

(4) If you find from the evidence that on the 15th day of June, 1893, one William Van Sickle made a deed to certain premises for the consideration of $800, and that the said William Van Sickle was to receive pay therefor, then, if you find the note in question was made after the death of William Van Sickle, and that said note was in compliance with the arrangements made by William Van

Sickle, Sr., and the defendant, then you must find for the plaintiff.

Instead of these, the trial court gave the one first quoted and also the following:

(4) If the jury finds from a preponderance of the evidence that the defendant, Mary E. Staub, did not sign said note until after the death of her father, William Van Sickle, Sr., then the plaintiff can not recover on said note; and, if the jury so finds from a preponderance of the evidence, then it will be the duty of the jury to return a verdict in favor of the defendant.

(4½) If the jury finds from the evidence that the said note was not signed until after the death of William Van Sickle, Sr., then the jury must determine from the evidence whether there was any consideration for the said note, and whether or not it was delivered to William Van Sickle, Sr., during his lifetime; and if the jury finds that it has been established by a preponderance of the evidence that there was no consideration for the said note, or that it was not delivered to William Van Sickle, Sr., before his death, then it will be your duty to return a verdict for the defendant; but if the jury finds that it has not been established by a preponderance of the evidence, either that there was no consideration, or that the note was not delivered to William Van Sickle, Sr., then it will be your duty to return a verdict in favor of the plaintiff for the full amount of said note, with interest as provided in said note.

(10) While the law presumes that a promissory note was executed on the date it bears, yet the written date in a promissory note is not conclusive evidence that it was written, executed, or delivered on that date, and that the defendant has a right to show that it was signed, executed, and delivered on a different date; but the burden of proof as to such defense is upon the defendant to show by a preponderance of the evidence bearing upon that subject that the note was in fact signed on a different date; and in this case, if the jury finds from a preponderance of the evidence that the note sued on was signed by the defendant, Mary E. Staub, after the death of her father, William Van Sickle, Sr., then your verdict should be for the defend-

amt; but, unless the fact that the note was signed at a different date than it bears has been established by a preponderance of the evidence, then the jury must find that it was signed on the date written in the note.

Generally speaking, the instructions requested announced correct propositions of law, and, had the pleadings been broad enough to present the issues, they should, no doubt, have been given. The difficulty here is with the pleadings. Plaintiff is suing purely in a representative capacity, and his recovery must be upon an obligation made to deceased during his lifetime, and not upon a note made to him individually, or in the name of one deceased. Had the note been payable to him, he might have sued, although the recovery might have been for the benefit of another, or even for an estate of which he was the representative. Code, section 3459. But plaintiff elected to sue upon the theory that the note was made to the deceased during his lifetime, and came into his possession as a representative of the deceased. In order to recover upon these issues, his proof had to correspond with the allegations of his petition. Code, sections 3579, 3599. *McIntosh v. Lee,* 57 Iowa, 356. Of course, plaintiff might have amended his petition to correspond with the proofs, and thus have secured the submission to the jury of the matters referred to in his requests; but he did not do so, and by reason of that fact he is not in a position to complain.

*1. EXECUTORS AND ADMINISTRATORS: actions: variance.*

II. Defendant was permitted to testify, over objections from plaintiff, that she was incompetent, under section 4604 of the Code; that she did not sign any note on June 15, 1893, at her father's place, when the deed was executed; and also, over the same objections, that she did not sign the note during her father's lifetime. She also testified, over the same objections, that she signed the note some ten or twelve months after her father's death; that it was signed

*2. EVIDENCE: transactions with a decedent.*

in her mother's kitchen in the presence of four other persons including the plaintiff himself. The objections to these last questions were properly overruled; for they did not call for any transaction or conversation between herself and one deceased. This testimony had reference to transactions occurring after the decease of William Van Sickle, and with persons then living. If the case depended at all upon the rulings upon the other objections (that is to say, on the objections to the questions calling for testimony from the witness as to whether or not she signed a note at her father's house on June 15, 1893), we should be compelled to say, not only that the rulings were erroneous, but that they were prejudicial. That they were erroneous must, we think, be conceded. See *In re Brown's Estate,* 92 Iowa, 379; *Watters v. McGreavy,* 111 Iowa, 538.

But it is manifest, we think, that the rulings were without prejudice. It was entirely competent for defendant to testify that she signed the note after the decease of the payee named therein; and that the transaction was with persons then living. This she did; and if the jury believed this testimony, as they evidently did, they must also have found that the note was not signed before the death of Van Sickle, Sr. It could not have been signed and delivered both before and after the demise of the named payee; hence the admissible testimony had exactly the same effect in law as that which was inadmissible, and no prejudice resulted from the admission of the incompetent testimony. These conclusions find support in *Barlow v. Buckingham,* 68 Iowa, 169; *Walkley v. Clarke,* 107 Iowa, 451; *Curd v. Wisser,* 120 Iowa, 743; *Campbell v. Collins,* 133 Iowa, 152; *Graham v. McKinney,* 147 Iowa, 164.

The following from the record presents other rulings relied upon for a reversal: Mrs. Woods, a daughter of the defendant, was a witness, and the record shows the following:

3. SAME.

Int. 1. While you was at your grandfather's, and your mother was there, prior to his death, tell the jury whether or not you ever heard your grandfather state to your mother that the property he had deeded to her, or had given her, and that she was not to sign any notes or papers, and she would have a home; that he had given it to her for a home. (Plaintiff objects as incompetent, immaterial, and irrelevant; this witness being incompetent to testify to these facts, under section 4604 of the Code, and because it refers to a communication or transaction between this witness and a deceased person—this party being a witness, and having an interest in this estate. Objection sustained. Defendant excepts.) Int. 2. I am not asking you about any conversation that you ever had with him, but conversations that you overheard between him and your mother. I am only asking for conversations in which your grandfather and your mother took part, and in which you took no part. Ans. I don't understand. Int. 3. Tell the jury any conversation, or whether you ever heard any conversation, between your grandfather in which he talked to your mother, and in which he referred to the property that he had deeded to her. Ans. Yes, sir; I heard him talk about that. Int. 4. What did you ever hear him say? Ans. I heard him tell her that he had given her this forty acres; that he wanted her to keep the taxes paid on it, and that she should have a home as long as she lived, and that he did not want her to sign any papers or note; and that she should keep her hands off of papers. Int. 5. State whether or not he told her that he did not want her to sign any note. Ans. He said he did not want her to sign any note. (Plaintiff objects as incompetent, irrelevant, and immaterial, and moves that the answer be stricken out, because it has been asked and answered. Objection sustained. Defendant excepts.) Int. 6. Tell the jury whether or not he said this to your mother on more than one occasion. (Plaintiff objects as incompetent, immaterial, and irrelevant. Objection overruled. Plaintiff excepts.) Ans. Yes, sir; I heard him say it several times.

It is manifest that there was no error in any of these rulings. The objections interposed under section 4604 of

the Code were properly sustained, and the other objections were clearly untenable.

On cross-examination, the witness gave the following testimony:

Int. 27. At the time that you heard these conversations, did you talk to your grandfather? Ans. I do not know as I did. Int. 28. Do you remember whether you did or not? Ans. No; I don't remember. Int. 29. You may have taken part in this conversation? Ans. I might have. I did not take any interest in what was said; but I can remember a few things that was said. I do not know whether Mrs. Blint or William Van Sickle were there when this conversation was had between my mother, Mrs. Staub, and my grandfather. I do not remember whether I took part in it or not. I do not know whether I said anything. At the time William Van Sickle was there and had a conversation, I don't remember as to whether I took part in the conversation.

*4. SAME: objections not raised below.*

Had plaintiff's counsel, after this examination, moved that the witness' testimony be excluded, for the reason that it then appeared that she had taken part in the conversation, doubtless such motion would have been sustained. No such motion was made, however; and the court was not called upon to make any ruling upon the matter, so that there is nothing here of which plaintiff may justly complain. *Wise v. Outtrim,* 139 Iowa, 192, supports our conclusion here. Other rulings on the admission and rejection of testimony need not be considered, as they were either correct or manifestly nonprejudicial.

III. Lastly, it is strenuously argued that the verdict is without support in the testimony. While we would have been better satisfied, had the verdict been the other way, the case is not one which justifies our interference on this ground alone. There was testimony in support of the conclusion reached by the jury, and we are not to reverse its verdict,

*5. APPEAL: review of verdict.*

simply because we would have been better satisfied with another result. Whether or not plaintiff may still recover in an individual capacity, or under proper pleadings, is not for us, at this time, to determine. The pleadings raised the very issue upon which the case was tried, and it is enough to say that we find no prejudicial errors.— *Affirmed.*