IN RE ESTATE OF CHARLES J. HOYT.

CHARLES E. HATCHER, Administrator, Appellee, v. E. N. FARBER, Administrator, Appellant.

TRUSTS: Resulting Trusts—Evidence—Admissions. Admissions by
1  one whose estate is sought to be charged with a resulting trust,
   tending to show that he so held the property in question, are
   manifestly competent.

APPEAL AND ERROR: Harmless Error—Presumption as to Error
2  —Necessity for Prejudice. Reception of incompetent testimony,
   in an action tried to the court, is not reversible error if, from
   the entire competent record, it is manifest that the judgment
   is the only one which could be properly arrived at.

APPEAL AND ERROR: Harmless Error—Transactions with De-
3  cedent—Improper Reception. Reversible error may not be pred-
   dicated on the reception of evidence of personal transactions
   with a deceased person, within the meaning of Sec. 4604, Code,
   1897, when the matter in issue was fully established by other
   competent testimony. (Probate case tried to court.)

WITNESSES: Competency—Transaction with Deceased—Burden of
4  Proof. The court will not *presume* that certain testimony con-
   stitutes or is a part of a personal transaction with a deceased
   person, within the meaning of Sec. 4604, Code, 1897. Such
   fact must appear from the circumstances, or the objecting party
   must show it.

**WITNESSES:**    Examination—Non-Responsive Answer—Objection. Principle recognized that only an examining party may move to strike a non-responsive answer.

**APPEAL AND ERROR:**    Harmless Error—Reception of Evidence. Error, if any, in allowing a witness to answer "yes" to the question whether he had told anyone his purpose in calling upon the party in question, is clearly harmless.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

SATURDAY, JUNE 23, 1917.

REHEARING DENIED MONDAY, SEPTEMBER 24, 1917.

THIS was an action in probate for the allowance of a claim in favor of the estate of Mary L. Bradford, deceased, and against the estate of C. J. Hoyt, deceased. The amount claimed was $4,000 and interest, and that amount was allowed. The case was tried to the court, without a jury. The administrator appeals.—*Affirmed.*

*E. N. Farber, pro se,* and *Lundy, Peisen & Soper,* for appellant.

*C. H. E. Boardman,* for appellee.

PRESTON, J.—The claim was based upon the following allegations, substantially: That C. J. Hoyt, during his lifetime, purchased for Mary L. Bradford certain real estate; that said Mary L. Bradford furnished the money to make said purchase, and C. J. Hoyt took the title in his own name; that subsequently said C. J. Hoyt sold or traded said real estate for $4,000.

It is undisputed that the rights of third parties have intervened so as to prevent an enforcement of the trust in the specific property. A money allowance and order of payment and establishing the claim against the estate was therefore had.

No evidence was introduced by the defendant administrator, except that he offered in evidence, as a part of the cross-examination of one of the witnesses, three certain deeds, one of which was a deed from Theodore F. Bradford to Mary L. Bradford, executed July 2, 1901, conveying the real estate alleged to have been taken in the name of C. J. Hoyt, deceased, at a later date; also, a deed to the same property from Mary L. Bradford to C. J. Hoyt, executed April 5, 1904 (this deed recites a consideration of $2,000); and another deed, being a correction deed, dated May 16, 1904, by Mary L. Bradford and her son, Theodore F. Bradford, and his wife, Emma C. Bradford. This gives the description of a part of the real estate.

It is not claimed anywhere in the record nor in argument that C. J. Hoyt, deceased, ever invested any money in the land, or that he paid any of the purchase price. It is not disputed that the land was worth $4,000, and that he received that amount of money for it; and there is no claim that this $4,000 has ever been paid back.

Appellee contends that the defenses are technical. It is conceded by appellant in argument that most of the questions raised in this appeal pertain to rulings upon evidence, and upon the competency of certain witnesses.

C. J. Hoyt died in 1905, leaving a will, and naming his wife, Myra Y. Hoyt, as executrix. Subsequently, E. N. Farber was appointed as administrator, with will annexed. The will of Mary L. Bradford was admitted in evidence, over the objection by defendant. It is contended by appellant that the will had not been admitted to probate, but the additional abstract shows that it was admitted. Witness identified the signature of testatrix thereto, and stated that it was her last will. The will is very brief, and gives all of her property to Emily C. Bradford, the wife of witness Theodore F. Bradford. The appellant's objection to the will is that, if the will has not been probated, Theodore

F. Bradford, being the only heir or child of said Mary L. Bradford, would, under the law, take all the property, and be interested, and therefore incompetent to testify as a witness in this case; and if the will has been admitted to probate, then he is incompetent because he is the husband of the sole legatee under the will, and for that reason incompetent to testify. This objection will be disposed of by what we shall say in regard to the evidence and the alleged incompetency of Theodore to testify.

The evidence which was admitted without objection, and that which was admitted over the objection of defendant, shows, by the conveyance from Theodore F. Bradford to Mary L. Bradford before referred to, and assignment of contracts, etc., that Mary L. Bradford became the owner of the real estate in controversy, subject to a mortgage of about $700 to J. T. Hardin. Prior to November 17, 1903, Hardin had foreclosed his mortgage, and the property had been sold at foreclosure sale. On that date, November 17th, Mary L. Bradford borrowed $875 of a bank at Marshalltown, giving her note, which was also signed by one Charles Henry. This note was introduced in evidence. On the same date, Charles Henry gave this money to deceased, Charles J. Hoyt, and told him to go to Hardin County and secure an assignment of the sheriff's sale certificate to him for Mrs. Bradford; or, if the purchaser would not assign, to redeem the land. This is testified to by Henry. On the 19th of that month, Hoyt went to Eldora, procured the assignment in the name of Charles Henry, and paid the taxes. A written exhibit in the handwriting of Hoyt shows an amount expended by him of $92.50 for railroad fare, taxes, etc., which he (Hoyt) presented on his return and collected. At this time, Hoyt had nothing invested in this real estate, and he had been reimbursed for all expenses, etc. In March, 1904, Hoyt sold or traded this property to Jennie B. Woods for certain property in Union and $2,125 in notes, and took a mort-

gage on the Hardin County land for $1,500, payable to his wife. The amount he received for the land in controversy was $4,000. A written contract showing this transaction is in evidence; also the mortgage. As stated, the undisputed evidence is that the Hardin County land was worth at that time, $4,000. In April, 1904, by the deed of that date before referred to, Mary L. Bradford deeded to deceased, C. J. Hoyt, the Hardin County land. It is the contention of appellee that this deed was executed so that it might straighten up the record for Mr. Hoyt in closing up with Mr. Wood and his wife, Jennie B. Wood. Witness Theodore F. Bradford so testified, over objection by the defendant, but this objection was not on the ground that the witness was incompetent under Sec. 4604 of the Code. The sheriff's certificate under the foreclosure sale was assigned by Henry to C. J. Hoyt, and, on April 16, 1904, a sheriff's deed was issued to Hoyt. The sheriff's certificate had been assigned by the purchase to Henry, who in turn assigned to Hoyt, as stated. The sheriff's deed is in evidence. The original written contract between C. J. Hoyt and Jennie B. Wood for the sale of the real estate is in evidence. It had been left with Theodore F. Bradford.

1. TRUSTS: resulting trusts: evidence: admissions.

July 1, 1904, deceased, Hoyt, was taken very sick, and Bradford asked him to assign the Woods contract to his mother, Mary L. Bradford, and quitclaim to her the land described in the Woods contract. Hoyt, at that time, was too sick to sign his name; but he said in the presence of his wife that it was all right, and that his wife knew all about it, and that she would attend to it if he did not get better. This was testified to by witness Bradford, over defendant's objection that he was incompetent to testify to such a personal transaction, and the further objection that the testimony seeks to establish an express trust by parol.

We shall dispose of the first objection later, in refer-

ring to the testimony generally to which appellant objects; but as to the second objection, we think it was competent as an admission by deceased, and as having a bearing upon the issue in the case as to whether the property was taken in Hoyt's name with money furnished by Mrs. Bradford, and to show that he recognized that the land belonged to Mrs. Bradford. This circumstance or admission by deceased was also testified to by another witness, Young.

At this time, the Woods contract, the quitclaim deed and an assignment were left at the bedside of Hoyt. Hoyt died the next day, July 2d. In May, 1906, the Hoyt estate sold the Union real estate, and the deed is in evidence; and in August, 1907, Jennie B. Woods deeded the Union real estate to Myra Hoyt, widow of deceased, and on the same date, Myra Hoyt deeded the Hardin County land to Jennie B. Woods. The deeds are in evidence.

The plaintiff contends, substantially, that the transaction in connection with the securing of the assignment of the sheriff's certificate, and the furnishing of the money by her, established a resulting trust in Mary L. Bradford. She also contends that Hoyt was her agent, and, as he had taken the title in his own name, by reason of that fact a resulting trust in her was established. The administrator contends, among other things, that the deeds given by Mary L. Bradford to Hoyt preclude the establishment of any trust as pleaded, and preclude her from showing or establishing any such trust. We do not understand appellant to seriously contend that such deed or deeds by her to Hoyt would have that effect if there was in fact no consideration passing from Hoyt to Mary L. Bradford. The real contention at this point is that it is not competent for a witness to contradict the recitals in a deed and testify that there was no consideration. A witness did testify that there was no consideration. A witness did testify, over objection, that there was in fact no consideration for either

of the deeds executed by Mrs. Bradford to deceased, Hoyt, although one recites a consideration of $2,000, and the correction deed for a part of the land recites a consideration of $1.00. Appellant cites no cases to sustain this contention. Furthermore, we are satisfied, from competent evidence in the record and all the circumstances, that these deeds were for the purpose of enabling Hoyt to carry out the Woods contract.

2. APPEAL AND ERROR: harmless error: presumption as to error: necessity for prejudice.

1. It is contended by appellant that a case of this kind, an allowance upon a claim in probate, is tried as a law action, and that, where a jury is waived, the court is required to rule upon objections to evidence, and that it is reversible error to admit incompetent evidence. Cases are cited to sustain this proposition, and, as a general rule, it may be conceded, for the purposes of the case, to be the law. But it does not follow that a reversal must necessarily result because of the admission of incompetent evidence. It must have been prejudicial, to work that result. The rule often stated is that, where there has been error, a presumption of prejudice arises, and, if the record fails to satisfy us that no prejudice has been caused, then such error cannot be disregarded. It may be that a judge would not be influenced so much, and could more readily disregard such evidence than a jury.

3. APPEAL AND ERROR: harmless error: transactions with decedent: improper reception.

It is contended by appellee that where, as in the present case, there is no conflict in the evidence, and where, with the incompetent evidence rejected, no other conclusion could be reached, it is then a question as to what judgments should be entered, and that the case should be affirmed on that ground. No case is cited so holding, though it is suggested in *Leasman v. Nicholson*, 59 Iowa 259, at 262, where it was said:

"If we could see that the evidence could be rejected,

and still no other conclusion be reached, we might affirm on that ground. But the evidence is conflicting," etc.

And as bearing somewhat upon this same matter, see *Van Sickle v. Staub*, 155 Iowa 472, at 479.

Conceding, for the purposes of the case, that the witness Bradford was incompetent as to personal transactions with Hoyt, deceased, and that, in the many rulings complained of, some incompetent evidence crept in, we think plaintiff proved his case by the evidence which was legally competent, and after eliminating all the incompetent evidence complained of.

Appellant assigns as error 37 specific objections to the evidence of Bradford as to alleged personal transactions between Bradford and Hoyt, and a like number to the evidence of witnesses that the evidence tended to establish an express trust in a part of the land, and some 15 other specific objections to the rulings on evidence. Manifestly, we cannot be expected, within the proper limits of an opinion, to review all these. We shall give some of them as illustrative of the objections made, and state our conclusions as to all of them more generally.

4. WITNESSES: competency: transaction with deceased: burden of proof.

As to Bradford's evidence and his alleged incompetency as a witness under Code Section 4604, it may be stated that substantially all his evidence was strenuously objected to, all through. Much of his evidence is competent, and the witness competent to testify. To illustrate, after the witness had testified:

"I am the only child of Mary L. Bradford. There was one other child, who is dead, and leaving two children surviving him and living now. I am one of the chidren of Mary L. Bradford, for whose estate a claim is made in this suit,"
—he was asked this question:

"Q. I will ask you, Mr. Bradford, what was done by your mother on November 17, 1903, with reference to taking care of in some way of the incumbrance against this real estate."

Over objection, and some discussion between the court and counsel, in which 'the court said, "If we shall assume that the will introduced in evidence has probative force, then this objection is not well taken," and a statement by appellant's counsel that until the will is admitted there surely can be a contest of the will, and it is not established as the will, the witness answered:

"A. She borrowed $875 from the Marshalltown State Bank to pay it or to secure an assignment of it."

The answer was responsive to the question.

"Q. I hand you Exhibit I, and ask you what it is, and whose names appear signed thereto."

Without objection, witness answered:

"A. It is the note that I have just spoken about for $875, running to the Marshalltown State Bank, and dated November 17, 1903, signed by my mother and Charles Henry."

Then this question was asked the witness:

"Q. If you know, state who was present and got this $875 at the bank, and what was done with the money. I don't want it if you don't know of it personally. A. Mr. Henry, Mr. Hoyt, myself; the money was obtained by Mr. Henry and turned over to Mr. Hoyt."

The objection was renewed in a motion to exclude this last answer on the ground, as claimed by appellant, that the witness participated in the transaction, and the court said:

"Of course, I am not advised whether he participated in the transaction or not; there isn't anything to show that he did. Counsel for appellant: I have to assume that he did; that is the reason for the motion."

This witness also testified without objection:

"Q. Do you of your own personal knowledge know whether Mr. Hoyt went to Eldora? A. I do."

This was an important fact in the case,—that is, whether Mrs. Bradford furnished the money to pay off the Hardin encumbrance; and the documentary evidence shows without dispute that Hoyt did take the title in himself thereafter, and the evidence tends very strongly to show, if, indeed, it does not establish, the fact that Mrs. Bradford furnished the money, and appellee contends that this establishes a resulting trust. Witness Henry gave similar testimony. He testified also that Hoyt was to go to Eldora to redeem the property or get the certificates, and that he did so. So far in the testimony of Bradford, it does not appear that there was any transaction between this witness and Hoyt. He simply says that the money was obtained by Mr. Henry and turned over to Mr. Hoyt. Counsel for appellant stated that they assumed that Bradford participated in the transaction, but this is not enough. Appellant was the objecting party, and it must be made to appear that the witness did participate before it can be said that he is incompetent as a witness. *Scott v. Brenton,* 168 Iowa 201. At the time the ruling was made, it was correct, and there was subsequently no motion made to exclude the evidence we have just set out. *O'Mara v. Jensma,* 143 Iowa 297, at 303. We think the evidence of Bradford, before set out, was competent, and that he was competent to testify thereto, and that appellant's objections thereto were not well taken.

5. WITNESSES: examination: non-responsive answer: objection.

Another illustrative part of the record on the subject being now discussed is as follows:

"Q. Now it appears that, in April, 1904, C. J. Hoyt got the sheriff's deed. What was the next step in this transaction, if you know?"

Over objection that the witness was incompetent, etc., he answered:

"A. Along in the spring following, after the assignment of the certificate, I think it was,—I can't tell the exact date. Q. Refresh your recollectoin by looking at any memoranda that I hand you, if you want to get the exact date. (Papers produced, but no further objection to this question.) A. On or about the 25th day of March, 1904, Mr. Hoyt, who then held the certificate of sale, at my mother's direction made a trade of the property—of this land—for some property, with Jennie B. Wood and husband."

Defendant moved to strike that part of the answer, "At my mother's direction," as being a volunteer statement of the witness, and not asked for and not responsive, incompetent, irrelevant and immaterial; and further, to strike the entire answer as incompetent, irrelevant and immaterial and a mere conclusion and opinion of the witness. Counsel for plaintiff then adopted the answer, and the court overruled the motion. We think there was no error in the ruling at this point. Only the examining party can move to strike because non-responsive; further, the only objection to the answer was to that part of it before indicated, and on the grounds stated, and not on the ground that the witness was incompetent under Section 4604. In so far as that part of the answer was a voluntary statement, or not responsive, it was adopted by counsel for plaintiff. It is not necessarily a conclusion or opinion of the witness; because, for aught that appears, the witness may have heard his mother give the direction, and no other reason is given why the answer is incompetent, irrelevant and immaterial, and that objection raises no question for our determination. *State v. Madden,* 170 Iowa 230, 236, and cases; also *Longan v. Weltmer,* (Mo.) 64 L. R. A. 969, 976 and cases.

The same objection was made to the next question, and the same rule applies. That question is as follows:

"Q.  Did you draw the contract with reference to the exchange of this property that Mr. Hoyt had under sheriff's certificate or deed to one Jennie B. Wood?  A.  I did. That is, I dictated it.  My stenographer wrote it out, but I dictated it."

The instrument was acknowledged and introduced in evidence, and shows a contract between Hoyt and Jennie B. Wood to transfer certain property, including a part of that in controversy in this case.  We might go on with other illustrations; and, as before stated, conceding, for the purposes of the present case, that the witness was incompetent as to some of the transactions, still as to others he was competent, and as to still others, proper objection was not made; so that, taking the entire record, this witness with the others, and the documents, circumstances and the proper inferences to be drawn therefrom, we are satisfied that plaintiff established her case by evidence which was legally competent, after discarding any which may have been improper.

It is thought that witness Henry was incompetent under Section 4604, because, as appellant claims, Mrs. Bradford and Hoyt were claiming title through Henry; but we do not so understand the record.  It is certain that at the time Henry testified he had no interest of any kind, and had nothing to gain or lose by this suit.  Nor was he a party to the suit nor interested in the result.  Hoyt was not the assignee of the party seeking to establish this claim. Appellee contends that the objection to the testimony of witness Henry was not sufficient.  But we shall not prolong the discussion at this point further.

2.  As before stated, appellee's contention is that, Mrs. Bradford having furnished Hoyt the money to obtain the sheriff's certificate, and Hoyt having thereafter taken the title in his own name, this created a resulting trust in favor of Mrs. Bradford.  Many cases are cited by either side.

But appellee relies upon the principle announced in *Amidon v. Snouffer,* 139 Iowa 159; also, *Acker v. Priest,* 92 Iowa 610, at 617, bottom; *In re Mahin's Estate,* 161 Iowa 459; *Parker v. Catron,* 120 Ky. 145 (85 S. W. 740, 117 Am. St. Rep. 575); *Reynolds v. Sumner,* 126 Ill. 58. We do not understand appellant to dispute this legal proposition, but they contend that the evidence, or some of it, tends to establish an express trust, and that this may not be done by parol testimony. This objection has reference, as we understand it, more particularly to the testimony in regard to Hoyt's being willing on his death bed to make a deed to Mrs. Bradford. But plaintiff was not seeking to establish an express trust. We have before referred to this matter as having been properly admitted as bearing upon the question of the resulting trust referred to in the claim. We think it was proper and relevant.

3. Witness Bradford, in testifying to the transaction when he left the contract and papers at Hoyt's house, shortly before Hoyt's death, was asked this question:

6. APPEAL AND ERROR: harmless error: reception of evidence.

"Q. Did you tell anyone there what you had come to see Mr. Hoyt about?"

Defendant objected, because incompetent, irrelevant, immaterial, hearsay, not binding on the parties to this action, and because it was a self-serving declaration on the part of the witness, a party in interest to the suit. Thereupon, counsel for plaintiff stated that they were not asking for what he said, but that they simply wanted to show the fact that he told them what he was there for; and the witness answered, "Yes." Witness did not state what was said, but simply that he told them what he was there for. Clearly, no prejudice could result to the defendant by this.

4. It should have been said in the statement of facts that the record shows different orders made in the matter of the estate of Hoyt for the sale of land, of which there seemed

to have been a considerable amount; and it appears that the land was all sold, and that the estate was left substantially without assets. No blame is attached to the present administrator for this condition of affairs, but appellee's claim is that the widow, who was the executrix, made away with the estate.

Some other questions are argued, but the opinion is already too long, and those discussed are controlling.

It is our conclusion that the judgment or allowance of the claim by the district court was right, and is sustained by the competent testimony. It is, therefore,—*Affirmed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.